[No. 4621.]

## WILLIAM W. CAMERON AND ALICE F. CAMERON, HIS WIFE, *v.* JOHN R. L. SMITH, TAX COLLECTOR OF CONTRA COSTA. COUNTY.

LIMITATION OF ACTIONS AS TO OFFICERS.—An action to recover money paid to a tax collector, under protest, must be commenced within six months from the time the cause of action accrued.

LIMITATION OF ACTIONS.—The general Statute of Limitations applies to a cause of action concerning the wife's separate estate, where she may sue alone.

APPEAL from the District Court, Fifteenth Judicial District, County of Contra Costa.

The plaintiffs were assessed, in 1872, in Contra Costa County, for property valued at $110,588. Among the property assessed was a solvent debt, secured by mortgage, amounting to $101,147, valued at $80,000, on which the tax was $1200. This debt was the separate property of the wife. The plaintiffs paid the tax under protest, on the 31st day of December, 1872, and brought this action on the 7th day of October, 1873, to recover it back. Of the $1200 paid, $1000 was the wife's separate estate, and $200 was community property.

The defendant was the tax collector. He demurred to the complaint because it appeared on the face thereof that the action was barred by section 341 of the Code of Civil Procedure. The court sustained the demurrer, and the plaintiff appealed.

*Thomas A. Brown,* for the Appellant, argued that the husband was a necessary party, and that the case came within the provisions of subdivision four, of section 352, of the Code of Civil Procedure.

*H. Mills,* for the Respondent.

The money, which was the separate property of the wife, she could have sued for alone. (*Snyder* v. *Webb,* 3 Cal. 83; *Wilson* v. *Wilson,* 36 Cal. 447; *Van Maren* v. *Johnson,* 15 Cal. 311; *Kayes* v. *Phelan,* 19 Cal. 128; *Calderwood* v. *Pyser,* 31 Cal. 333; *Corcoran.* v. *Doll,* 32 Cal. 82.)

By the COURT:

The action concerned the separate estate of the female plaintiff, and she might have sued alone. The Statute of Limitations, therefore, operated a defense to the action.

Judgment affirmed.