## HERSHY V. LATHAM.

1. STATUTE OF LIMITATIONS: *Judicial sales.*
   The statute of limitations of five years as to judicial sales (sec. 4116 Gantt's Digest) has no application to sales under execution. They are not judicial sales.

2. SAME: *Married women: Saving clause not repealed by act of 1873.*
   The act of April 28, 1873, which authorizes married women to sue alone and in their own names, does not repeal by implication the saving clause in their favor in the statute of limitations.

3. EXECUTION: *Land purchased by husband and conveyed to wife.*
   Land purchased by a husband and conveyed to his wife in fraud of his creditors may be sold under execution at law against him, without first uncovering it by bill in equity.

APPEAL from *Crawford* Circuit Court.

Hon. R. B. RUTHERFORD, Circuit Judge.

*U. M. & G. B. Rose* for appellant.

Appellant was subrogated to all the rights of the judgment creditors under whose execution he bought. (*Bump Fr. Conv.,* 3d ed., *p. 506; 7 Blackf., 66 S. C., 39 Am. Dec., 454; 13 Wis., 324; 1 Freeman Chy., 703.*) The fourth plea was a good defense at law as well as equity. (*26 Ark., 41.*) The defense may not be accurately pleaded, but it states a substantial defense, and appellee should have moved to have the answer made more specific. *32 Ark., 131.*

Contend that under our present Constitution and statutes, removing the disabilities of married women, that the statute of limitations runs against appellee. *Cessante ratione, cessat lex, and cite 51 Me., 305; 50 Cal., 303; 93 U. S., 674; 82 Ill., 385; 83 Ib., 172; 52 Barb., 146; 3 Ohio St., 80.*

20

*Collins & Balch* for appellee.

1. Our Constitution, section 7, article 9, and statutes relative to suits by and against a *femme covert*, have not so far removed the disabilities of a married woman as to abrogate that clause in our statute of limitations (*sec. 4113 et seq., Gantt's Digest*) relieving her of the necessity of bringing suits until discoverture. *Potter's Dwarris, p. 185, et seq.; 1 N. H., 55; 6 How., P. R., 229; 2 Dale, 316; 1 Blatch., 259; Pet. C. C. R., 188; 24 Ark., 487; 1 Kent's Com., 434; Wood on Lim., sec. 240; 72 N. C., 551; 39 Ark., 360.*

2. The fourth plea is bad. It does not allege that the insolvency was continuous. *32 Ark., 468; 10 Ib., 225; 10 S. & M., 556; 11 Ark., 418; Gantt's Digest, 2958.*

Even if the deed of Latham to his wife was fraudulent, he had in *law* no interest thereafter. It became her property against all the world except creditors at the date of the conveyance. If appellant took anything by his purchase it was only an equitable interest, and not such title as he could assert in a court of law in resisting a legal title. *48 Miss., 232; 54 Miss., 80; 56 Ib., 151; 36 Ark., 228.*

3. A sale under execution is not a judicial sale. *Rover on Jud. Sales, secs. 4, 5, 6, 7 and 12, note 6 to sec. 12, and secs. 15, 17, 18, 19 and 22.*


SMITH, J. Mrs. Latham brought ejectment against Hershy for the recovery of an undivided five-sixths of certain lots in Fort Smith. She claimed under conveyance executed in June, 1867, from five of the six heirs of John Rogers, to whom the property originally belonged.

The complaint shows that she was then and still is the wife of J. B. Latham.

Hershy v. Latham.

The first paragraph of the answer set up title in the defendant through a marshal's deed made in pursuance of a sale under execution against John B. Latham. This deed bore date May 17, 1869, but the judgment on which it was based was rendered May 17, 1867. The second and third paragraphs pleaded the statutes of limitation of five and seven years.

The fourth paragraph attacked the plaintiff's deed as fraudulent against creditors, alleging that her husband furnished the whole of the money to buy the land, and that he was insolvent at the time.

A demurrer was sustained to the last three paragraphs of the answer, and the defendant withdrew the first paragraph, and after final judgment against him removed the case here by appeal.

The demurrer was properly sustained to the plea setting up five years as a limitation. Section 4116 of Gantt's Digest applies only to purchasers at judicial sales. Now a sale under execution is not a judicial sale. For, although it is supported by a judgment, yet that judgment is only for a designated sum of money, and does not direct the sale of any specific property, nor is it required to be reported to or confirmed by any court. *Griffith v. Fowler, 18 Vt., 394; Minnesota Co. v. St. Paul Co., 2 Wall., 640; Smith v. Arnold, 5 Mason, 420.*

1. STATUTE OF LIMITATIONS: Judicial sales.

The limitation in ejectment is seven years. But the plaintiff was a married woman. It is contended that the act of April 28, 1873, "for the protection of married women," which empowers them to sue alone and in their own names, on account of their separate property, repeals by implication the saving clause in their favor in the statute of limitations. Such has been decided to be the effect of similar legislation in other States. *Brown v. Cousins, 51 Me., 305; Cameron v. Smith, 50 Cal., 303; Castner v.*

2. SAME: Married woman: Saving clause not repealed by act of 1873.

*Walrod, 83 Ill., 172; Kibbe v. Ditto, 93 U. S., 674; Ball v. Bullard, 52 Barb., 146.*

On the other hand, the Supreme Court of North Carolina, in *State v. Troutman, 72 N. C., 551,* refused to adopt this view, holding that the right to sue alone was as mere privilege, and the failure to exercise it could not operate to the prejudice of the *femme covert.*

The wording of our statute limiting the time for the bringing of the action for the recovery of real property is peculiar. It gives the married woman three years after discoverture; that is, after the release from the bonds of matrimony by the death of the husband, or by divorce. If the language had been " three years after the removal of her disability," we might very well hold that her disability could be removed by an act of the Legislature as well as by the husband's death. But to declare that it was the intention of the Legislature or the necessary consequence of the married woman's act to shorten the period for bringing such actions, is to assume that the only consideration which operated upon the law-making power in making an exception in her favor, was her disability to sue at common law without joining her husband.

Doubtless this was the principal reason. But we are not sure it was the sole reason.

There was no error in adjudging the third plea bad.

3. Execution:
Land fraudulently conveyed, subject to.

The fourth plea presents an interesting question. When a debtor in failing circumstances has bought property and has fraudulently taken the title in the name of his wife, has he such an interest as can be reached by the levy of an execution? Or is the creditor forced to go into equity to uncover the property? At common law the husband's interest could not be sold under execution, because he never owned the legal title.

If the conveyance to the wife were treated as void, the

title would remain in the grantor; and this would be of no benefit to the creditor. *Freeman on Executions, section 136.*

But the sixth clause of *section 2630 Gantt's Digest*, subjects to execution all real estate whereof the defendant, or any person for his use, was seized in law or equity on the day of the rendition of the judgment or at any time thereafter.

Under the circumstances stated in the plea, is the wife seized for the use of the husband? A person who has paid the consideration money has an estate in the land by way of resulting trust, and the grantee in the conveyance, who has paid nothing, holds the formal legal title, but has no actual interest. Here the creditor of him who furnished the purchase money can take the land in execution through the resulting trust, although, if it was a device to defeat creditors, no court would aid the *cestui que trust* for his own sake.

But a conveyance to the wife is presumed to have been a provision for her, in which case no trust results. Yet this presumption may be repelled by proof; and it is effectually rebutted by proof or admission of actual fraud in the intent of making such a settlement upon the wife.

It follows that the husband's resulting interest may be sold on execution, and the fee in the lands transferred to the purchaser by virtue of our statute. (*Rankin v. Harper, 23 Mo., 579; Eddy v. Baldwin, Ib., 588; Dunnica v. Coy, 24 Ib., 167; Smitheal v. Gray, 1 Humph., 491; Thomas v. Walker, 6 Ib., 93; Kimmel v. McRight, 2 Pa. St., 38; Tevis v. Doe, 3 Ind., 129; Pennington v. Clifton, 11 Ib., 162; Clark v. Chamberlain, 13 Allen, 257.*) Such also was the law of New York until the statute of *29 Car. 2, ch. 3, sec. 10, was repealed. Foote v. Calvin, 3 John, 216; Jackson v.*

*Bateman, 2 Wend.,* 570; *Jackson v. Walker, 4 Ib.,* 462; *Guthrie v. Gardiner, 19 Ib.,* 414; *Wait v. Day, 4 Denio,* 439; *Brewster v. Power, 10 Paige,* 562; *Garfield v. Hatmaker, 15 N. Y.,* 475.

Reversed and remanded, with directions to overrule the demurrer to the fourth plea.