ROWLAND *v*. McGUIRE.

Opinion delivered November 6, 1897.

STATUTE OF LIMITATION—MARRIED WOMEN.—The act of April 28, 1873, removing the disability of married women with reference to their separate property, did not repeal the exception in favor of married women in the statute limiting the period for the recovery of land (Sand. & H. Dig., ? 4815). (Page 414.)

INFANCY—WOMEN.—Prior to 1873, a woman was an infant until she was twenty-one years old. (Page 415.)

Appeal from Randolph Circuit Court.

JOHN C. HAWTHORNE, Special Judge.

*S. A. D. Eaton*, for appellant.

In an action of ejectment, under our statute, after the plaintiff has shown a *prima facie* title in himself, the defendant is required to show a better title in himself. 31 Ark. 334. This statute is unambiguous, and demands a literal construction. 24 Ark. 487; 11 N. Y. 573; 7 N. Y. 97; 23 Am. & Eng. Enc. Law, 399; Black, Interp. Laws, 35. This action is one to quiet title, and not one of ejectment, and the defendant must defend by asserting an *adverse* interest in *himself*, and not in some third party. Sand. & H. Dig., § 6120; 17 Col. '476; 126 U. S. 291; 60 Ind. 383; 130 U. S. 256; 6 Wall. 402; 15 Cal. 551; 48 N. J. Eq. 359. A deed of trust passes only the equitable title to the trustee, leaving the legal title in the grantor, as against all parties except the trustee. 2 Perry, Trusts, 603; 32 Ark. 478; 41 Ark. 285. There is no evidence that the trustee has ever executed his trust and conveyed to the beneficiaries, therefore the remedy of the appellees lies against the trustee individually. 2 Perry, Trusts, 602. It was error to require appellants to prove the payment of mortgage debt, after

the lapse of so long a time.　Both the debt and the mortgage were barred.　Sand. & H. Dig, § 5094–95.　A mortgage in possession is entitled to credits for necessary repairs, but not for other improvements.　42 Ark. 422; 52 Ark. 381.

*P. H. Crenshaw,* for appellee.

There was no error in the instructions of the court.　The act which gave married women the control of their property impliedly repealed their exemption from the statute of limitations. Sand. & H. Dig., ch. 105; 47 Ark. 588.　The appellant is barred by the statute of limitations.　38 Ark. 181; 34 Ark. 547; 34 Ark. 312; 43 Ark. 504.　Unless a motion for new trial embodies all previous exceptions taken, such exceptions will be treated as abandoned.　38 Ark. 413; 39 Ark. 420.

HUGHES, J.　It appears from the evidence in this case that the plaintiff's father,ᐧBenjamin F. Hicks, who was the patentee of the land in controversy, died in the year 1883, leaving the appellant, as his only heir at law, then only about five years old; that she (appellant) was married in 1866, at the age of seventeen years, and had been covert ever since, to the time of bringing this suit; that Benjamin F. Hicks in January, 1841, executed to one Daniel Lieb a deed in trust for the use and benefit of James Martin, of the firm of Martin & Coffman, on the land in controversy, to secure a debt of $145, due in 1842; that said deed in trust was duly recorded in Randolph county, where the land is situate; that there is no evidence that said trust deed was or was not satisfied; that appellees claim title to said land by mesne conveyances from Martin & Coffman, and were in possession of the same by virtue of said claim; that the appellees, and those under whom they claim, have been in possession of said land since 1875.　There is no proof of any conveyance from the trustee to Martin and Coffman, or either of them, or to any person whomsoever.　There is no evidence that the deed in trust was ever satisfied, or that any payment was ever made on the debt secured thereby.　The third instruction given was erroneous.*　It does not appear from the evidence in this case that the

---

* The third instruction given was as follows:　"(3) The jury are further instructed that, if they find from the evidence that the defendants claim

appellees hold under the trust deed or mortgage set up in their answer, or that their vendors ever held possession of the same. When the possession of those under whom they claim began in 1875, the appellant was a married woman, and had been since the age of 17 years, at which age she was an infant. She continued covert until the beginning of this suit. So the statute of limitations had not begun to run against her when her suit was brought.

The act of April 28, 1873 (Sandels & Hill's Digest, ch. 105), giving to married women exclusive control of their separate property, and enabling them to sue therefor, and removing the disabilities of coverture, does not repeal the law exempting married women from the operation of the statute of limitations.

Section 4815, Sandels & Hill's Digest, provides: "No person or persons, or their heirs, shall have,' sue or maintain any action or suit, either in law or equity, for any lands, tenements or hereditaments but within seven years next after his, her or their rights to commence, have or maintain such suit shall have come, fallen or accrued; and all suits, either in law or equity, for the recovery of any lands, tenements or hereditaments shall be had and sued within seven years next after title or cause of action accrued, and no time after said seven years shall have passed. *Provided,* if any person or persons that are or shall be entitled to commence and prosecute such suit or action in law or equity be or shall be, at the time said right of action first accrued, come or fallen within the age of twenty-one years, *femme covert* or *non compos mentis,* that such person or persons, his, her or their heirs, shall and may, notwithstanding said seven years may have expired, bring his or her suit or action, so as such infant, *femme covert* or *non compos mentis,* his, her or their heirs, shall bring the same within three years next

title through mesne conveyance from James Martin, one of the beneficiaries in said deed of trust, and that some of them, under whom they claim title, entered into possession of the land at any time from 1875 or 1880, and held possession of the land, the plaintiff, to entitle her to recover, must show by a preponderance of the proof that the debt secured by the deed of trust has been satisfied, together with interest thereon at the rate of six per cent. per annum from the date of the deed of trust until paid, or that the rents and profits of the land, after deducting the improvements, repairs and taxes, are sufficient to liquidate the mortgage debt and interest." (Rep.)

after full age, discoverture or coming of sound mind. *Provided*, also, that no cumulative disability shall prevent the bar hereby formed and constituted by the saving of this section." Act Jan, 4, 1851, *Hershey* v. *Latham*, 42 Ark. 305.

The appellee thinks the jury might have found from the evidence that the appellant was 18 years of age before her marriage in 1866. Until 1873, a female was a minor until 21 years of age. Act of December 7, 1850, and Rev. Stat., chap. 72, § 1.

The question of laches on the part of the plaintiff was not raised or considered in the court below, and is therefore not considered here.

The judgment of the circuit court is reversed, and the cause is remanded for a new trial.