## ROWLAND *v.* McGUIRE.

## Opinion delivered January 13, 1900.

1. MARRIED WOMAN—LIMITATION—REAL ACTION.—Though the land of a married woman has been held adversely for more than seven years, her action to recover it will not be barred until three years after her discoverture, under Sand. & H. Dig., § 4815. (Page 322.)

2. JUDICIAL SALE—WHAT IS NOT.—An heir who holds under deed executed by commissioners in chancery appointed to partition lands of an estate among the heirs is not a purchaser under judicial sale, within Sand. & H. Dig., § 4818. (Page 322.)

3. LACHES AS DEFENSE AT LAW.—The defense that the owner of land has lost the right to recover it by remaining silent for a long period of time, and permitting persons claiming it to sell and convey it to divers purchasers, and their vendees to make valuable improvements on the same, cannot be pleaded in an action at law to recover possession. (Page 323.)

4. APPEAL—BRINGING MOTION INTO RECORD.—An alleged error of the trial court in overruling a motion in regard to the costs of the case will not be reviewed on appeal if it was not incorporated in the bill of exceptions. (Page 324.)

5. COSTS—FEE OF GUARDIAN AD LITEM of infant defendant, appointed on plaintiff's application, is payable by the plaintiff, under Civ. Code, § 57. (Page 324.)

Appeal from Randolph Circuit Court.

JNO. B. McCALEB, Judge.

*S. A. D. Eaton*, for appellant.

It was error to require appellant to pay the fee of the guardian *ad litem*. Sand. & H. Dig. § 787. It was also error to refuse to set-off the judgment for costs against the judgment for betterments. Sand. & H. Dig., § 5861. In the absence of fraud, parties under disability are not estopped. Big. Est. 600; 55 Ark. 423. Courts of equity are governed by the statute of limitations, just as are courts of law. 46 Ark. 25; 46 Ark. 552; 47 Ark. 301. It was not error to refuse the tenth instruction prayed by appellee. 64 Ark. 412.

*P. H. Crenshaw*, for appellees.

The answer set up an estoppel *in pais*, and the cause should have been transferred to equity. 39 Ark. 235; 24 Ark. 431; 33 Ark. 425; 40 Ark. 56; 10 Ark. 211. The limitation statute of five years in judicial sales applies, and the coverture of appellant could not affect that. 46 Ark. 25. Silence may estop. 39 Ark. 131; 33 *ib*. 465; 11 *ib*. 241; 10 *ib*. 212; 51 *ib*. 491.

BATTLE, J. Alice J. Rowland, a married woman, instituted an action against Jane McGuire and others, to recover possession of a certain tract of land described in her complaint. The defendants denied her title and right to the possession of the land, and alleged that they were the owners, and that they and those under whom they claimed and held had held adverse possession of the same for seven years, and for five years under a judicial sale, and said: "As a further defense, defendants say that the plaintiff in this cause has been guilty of gross neg-

lect and laches, and that her claim, if she ever had any, to said land is stale and barred, and that it would be against public policy, inequitable and unjust to permit her, after the lapse of so many years, and so many conveyances of said land having been made, to sue for and recover said land, and disturb innocent purchasers for value in the enjoyment of said land."

The plaintiff recovered judgment for the land and the costs of the action, and the court adjudged that the defendants have a lien on the land for the value of the improvements made and the taxes paid by them in excess of the amount due the plaintiff for rents. The defendants thereupon filed a motion for a new trial, which was denied, and filed a bill of exceptions, and appealed. The plaintiff then filed a motion, in which she asked that the defendants be required to pay the guardian *ad litem* appointed for the minor defendants the fee of twenty-five dollars allowed him for his services in this action, and that the costs paid by her be set-off against the amount allowed to the defendants for improvements. The court overruled the motion, and she appealed from the order of the court refusing to grant her requests.

In the trial, evidence was adduced by the plaintiff tending to prove that the United States sold and conveyed the land in controversy to her father, and that he died, leaving the plaintiff and her two sisters his only heirs, and that the two sisters died, leaving the plaintiff their only heir, and that she acquired, and is the owner of, the land by inheritance. The defendants adduced evidence tending to prove that they and those under whom they claim had held adverse possession of the land for more than fifteen years before the commencement of this action, but the evidence adduced by the plaintiff tended to prove that she was a married woman while the land was held adversely. Under the statute limiting the time for bringing actions for the recovery of lands to seven years (Sand. & H. Dig., § 4815), the plaintiff was not barred from maintaining her action, and did not lose her right to the land. *Hershey* v. *Latham,* 42 Ark. 305; *Batte* v. *McCaa,* 44 Ark. 398; *Rowland* v. *McGuire,* 64 Ark. 412.

No evidence showing that the defendants held under a ju-

dicial sale was adduced. They claim under Kate A. Martin, and produced as evidence a deed executed to her by commissioners in chancery. It is recited in the deed that the commissioners were appointed "to make partition of the lands of James Martin, deceased, according to the respective rights and interest of the several heirs of the said James Martin, deceased, declared by a decree of said court upon the petition of said heirs; and said commissioners, in pursuance of a decree of the September term, 1873, of said court, hereby bargain, grant, sell and convey unto Kate A. Martin the following described lands," and, among other lands described, the land in contro-. versy; but the deed does not show that the land was sold in pursuance of any order, judgment, or decree of a court, and was purchased by Martin. According to a reasonable interpretation of the deed, it was conveyed to her as the part of the lands belonging to her in the division of the lands of James Martin, deceased, among his heirs. The defendants do not insist that there was any sale, unless it was made in this manner, but contend that the execution of the deed by the commissioners was a judicial sale, because the land was conveyed for the purpose and in the manner indicated by our interpretation of it. The contention is untenable.

But the defendants insist that plaintiff has lost the right to recover the land by remaining silent for a long period of time, and permitting persons claiming it to sell and convey it to divers purchasers, and their vendees to make valuable improvements on the same. Assuming this to be true, it is no defense in this action. The right to plead such facts as a defense is subject to the important limitation that it is confined to claims for purely equitable remedies, to which the party seeking to enforce them has no "strict legal right." (*Fullwood* v. *Fullwood*, L. R. 9 Ch. Div. 176; 2 Pomeroy's Equity Jurisprudence (2 Ed.), §817.) Lord Camden, in *Smith* v. *Clay*, 3 Brown, Ch. Rep. 940, gives the reason for this rule as follows: "A court of equity, which is never active in relief against conscience or public convenience, has always refused its aid to stale demands, where the party has slept upon his right, acquiesced for a great length of time. Nothing can call

forth this court into activity but conscience, good faith and reasonable diligence. Where these are wanting, the court is passive, and does nothing." This is not true as to courts of law, and the defense cannot be properly pleaded in such courts, especially in actions where the plaintiff is seeking to enforce a "strict legal right," as in this case.

Plaintiff's motion to require the defendants to pay the fee of the guardian *ad litem* and to set-off the costs paid by her against the amount allowed defendants for improvements was not incorporated in any bill of exceptions, and was not made a part of the record. The result is, we cannot review the action of the court in denying the same. One of the fundamental rules of appellate procedure is that motions "made during the progress of a cause, and the rulings of the court granting or denying them," in the absence of a statute to the contrary, "must, in order to be reviewed on appeal, be taken up on a bill of exceptions." This rule has its exceptions, but plaintiff's motion is not one of them. See 2 Enc. Pleading and Practice, pp. 273–276 and 3 *id*. pp. 392–396. In this case the ground upon which the court based its denial of the motion to set-off costs paid by the plaintiff against the amount allowed for improvements does not appear. There is nothing to show what amount was due for costs and what costs were paid by the plaintiff. As to the compensation of the guardian *ad litem*, the statute says: "A guardian　*　*　* appointed on the application of the plaintiff to defend for an infant,　*　*　* shall be allowed a reasonable fee for his services, to be paid by the plaintiff, and taxed in the costs." Civ. Code, § 57. The plaintiff is not entitled to relief from this liability by an order of the court requiring the defendants to pay the guardian.

The judgment of the circuit court is therefore affirmed.