DORSEY LAND & LUMBER COMPANY *v.* SILVIA.

Opinion delivered November 1, 1920.

1. LIMITATION OF ACTIONS — EXEMPTION OF MARRIED WOMEN.—Acts 1915, page 684, further removing the disabilities of married women, did not repeal the exemption of married women in the seven-years statute of limitations.

2. LIMITATION OF ACTIONS — EXEMPTION OF MARRIED WOMEN.—Acts 1919, page 90, repealing married women's exemptions in the seven-year statute of limitations, is not applicable to an action brought within a year after the passage of the statute.

3. APPEAL AND ERROR—DOCUMENT NOT CONTAINED IN BILL OF EXCEPTIONS.—A document offered in evidence, but not contained in the bill of exceptions, can not be considered.

4. EJECTMENT—ISSUES, PROOF AND VARIANCE.—The court trying an action for the recovery of land did not abuse its discretion in not permitting defendant to introduce a document in support of a defense not tendered in its answer.

Appeal from Miller Circuit Court; *George R. Haynie,* Judge; affirmed.

*Henry Moore, Jr.,* for appellant.

1. The appellee was barred by limitation of seven years and two years. Although a *femme covert,* her disabilities were removed by Acts 1915, p. 684. She had the right to sue as a *femme sole.* 124 Ark. 175. Although by Acts 1915, p. 684, a married woman may not plead limitation in ejectment. Yet Acts 1915, p. 684, has already removed a married woman's disabilities and the court erred in not sustaining the claim of adverse possession by payment of taxes for more than seven years.

2. The court erred in giving instruction No. 1 for plaintiff and in refusing Nos. 1 and 2, asked by defendant. The action was ejectment, and it is bonebook law that plaintiff must recover on the strength of her own title and not on the weakness of that of defendant, and if the title to land was in a third party, then defendant's title was good by adverse possession. It was error to refuse to allow the patent of the State to be used in evidence. 29 Ark. 57; 39 *Id.* 126; 55 *Id.* 289; 75 *Id.* 419; 88 *Id.* 543; 94 *Id.* 224.

*Arnold & Arnold* and *Miss Lois Dale,* for appellee.

1. Under the undisputed evidence the tax titles and the alleged decree were treated as nullities and there were no claims made in the lower court and none made here. The case should be determined therefore upon the exceptions made in the lower court and insisted upon here. Crawford's Digest, §§ 65 and 66, pp. 148-155. The evidence relied upon is not abstracted as required by rule 9.

2. The facts as to plaintiff's claim are undisputed, and there was no issue to submit to a jury as to the question of title and the court properly instructed the jury to find for plaintiff as to the title and no question was raised as to rental values, taxes and improvements.

3. There was no question as to appellant's possession for ten years under a tax sale, and there was no evidence upon which to submit the question to a jury. 64 Ark. 100.

4. The deed from the State was properly excluded. 91 Ark. 443; 70 *Id.* 364. There is no proper bill of exceptions in the record. 45 Ark. 485; 46 *Id.* 482; 100 *Id.* 244; 101 *Id.* 555; 111 *Id.* 196. Even if it were error to exclude the State patent, yet Andrews was barred by limitation, and there is no reversible error. 19 Ark. 677; 23 *Id.* 121. On the whole record the judgment is right. 17 S. W. 879. See, also, 88 Ark. 37; 231 U. S. 335; 232 *Id.* 186. The only two questions raised, *viz.,* whether married women are made subject to the statutes of limitation and whether the court erred in excluding the State deed to Andrews are settled by our own decisions and those of the Supreme Court of the United States, *supra.*

McCULLOCH, C. J. This is an action instituted by appellee against appellant in the circuit court of Miller County to recover possession of a tract of land. Appellee claimed title under a patent from the United States, executed to her as homesteader in the year 1890, and she alleged that appellant was wrongfully in possession of the land claiming to be the owner under a tax sale in the year 1892 for the taxes of 1891, which said tax sale is

alleged to be void. Appellant in its answer claimed title under the aforesaid tax sale and alleged that the sale was valid. In the answer the title was traced back to the patent to appellee from the United States and the sale for taxes in 1892, under which appellant claimed title. Appellant also pleaded the seven-year statute of limitations and also the two-year statute of limitation under the tax deed.

In the trial of the cause it was proved that the tax sale under which appellant claimed title was void. That is conceded, and there is no claim made here that the title passed under the tax sale. The testimony adduced by appellee established the fact that her father occupied the land in controversy as far back as the year 1854 when she was born and that she inherited it from her father and continued to reside thereon, but that it was found that her father had no record title and she procured a homestead patent from the United States Government in the year 1890. She testified that she continued to live on the land and cultivate it until the year 1903 when she was compelled to move on account of the overflow and did not return until the year 1908, when she lived on it again for a short time but was compelled to move again on account of the overflow. Appellant paid the taxes on the land continuously from 1911 to 1918 and took possession of the land in the year 1918 and this suit was brought about a year later. Appellee was formerly a widow and married again in the year 1885 and is still a married woman.

Appellee's coverture exempts her from the operation of the seven-year statute of limitations. The act of March 19, 1915 (Acts 1915, p. 684), further removing the disabilities of married women did not repeal the exemption in favor of married women in the statute of limitations. Kirby's Digest, section 5056. Statutes removing the disabilities of a married woman have been construed not to remove the exemption in her favor in the statute of limitations, which provides that a married woman may bring suit within three years after discoverture. *Hershy*

v. *Latham,* 42 Ark. 305; *Rowland* v. *McGuire,* 64 Ark. 412. The act of February 20, 1919, general session (Acts 1919, p. 90), repealing the exemptions in the statute of limitations in favor of married women is not applicable to the present action, which was brought within one year after the passage of the statute.

The testimony in this case does not establish the fact that the land in controversy was wild and unoccupied, so as to bring it within the operation of the statute which makes payment of the taxes on said lands equivalent to actual possession (Kirby's Digest, section 5057), but, even if the proof was sufficient, appellee's coverture prevents the bar of the statute of limitations from attaching. Appellant was not in possession under the tax deed for a period of two years prior to the commencement of this action, therefore the two year statute does not apply.

After all the other testimony in the case had been introduced, appellant asked leave to introduce in evidence a duplicate patent from the State of Arkansas to one Andrews issued in the year 1859, purporting to convey the land in controversy. This was for the purpose of showing that the title was in a third party, and that appellee, for that reason, could not recover. The court refused to permit the instrument to be introduced in evidence. The bill of exceptions does not contain the offered document, therefore we can not consider it. Moreover, it is obvious, even if the patent was before us, that the court did not abuse its discretion in permitting appellant to introduce a document in support of a defense not tendered in the answer. There is no error in the record, and the judgment is therefore affirmed.