The Honorable Will Feland Prosecuting Attorney Seventeenth West Judicial District P.O. Box 423 Lonoke, Arkansas 72086
Dear Mr. Feland:
This is in response to your request for an opinion on several questions arising in light of Clark v. Union Pacific R.R. Co.,294 Ark. 586, 745 S.W.2d 600 (1988). This office has previously issued two opinions on related questions. See Opinion Nos. 88-238 and88-294, copies enclosed. You have asked four specific questions which will be answered below in the order in which they were posed. The answers to these questions should be read in conjunction with the two previously issued opinions.
The court in Clark v. Union Pacific R.R. Co., supra, held that Amendment 59 to the Arkansas Constitution required the exemption of personal property from a new school levy in Cross County, Arkansas until such times as the rates for personal property and real property were equalized. You have indicated that there are funds which were assessed and collected in the Carlisle School District which "would be affected" by the Clark decision. Your first question with regard to this situation is as follows:
 Does the [county] treasurer or any county official have the obligation or duty to publish any sort of legal notice informing the taxpayer that the millage was assessed and collected feloniously and the process to follow if they desire a refund?
It is my opinion, assuming that there is no controlling court order requiring such action, that neither the county treasurer nor any other county official is required by law to give the notice suggested above.
Your second question is as follows:
 When does the three (3) year statute of limitation per refund begin? Apparently, these funds were collected during the 1986-87 year.
Opinion No. 88-294 concludes that the statute of limitations for a refund of taxes paid under the procedure set out at A.C.A.26-35-901 is three years. It is my opinion, although there is a dearth of Arkansas case law on point, that this three year period begins to run at the time the taxes are paid. It is stated at 84 C.J.S. Taxation 639 (a) that:
 Except in so far as statutes may otherwise provide, the limitation period generally runs from the time the taxes are paid, and is not postponed until the legality of the tax has been judicially determined, or the taxpayer discovers that the assessment, levy, and collection were illegal. . . .
See also, generally, Garland County v. Gaines, 47 Ark. 558,2 S.W. 260 (1886).
Your third question is as follows:
 Will a blanket court order to the treasurer directing her to refund the taxes upon proper proof of payment being presented be sufficient for all claims on this fund? Is such an order appropriate if no demand for refund has been made?
It is an impossibility for this office to opine upon the sufficiency of a hypothetical court order. Moreover, it is the staunch policy of this office to decline review of court orders for the purpose of determining their "appropriateness", as to do so would violate the spirit of the separation of powers doctrine. If a court order is entered directing action on the part of Lonoke County officials with respect to tax refunds, the provisions of the order will govern, and any questions about the sufficiency or appropriateness of the order should be addressed to the court.
Your fourth question is as follows:
 At what point could these funds be refunded to the Carlisle School District if no claim is made?
It is my opinion that, absent a controlling court order, any unrefunded funds remaining after the expiration of the three year statute of limitations may be returned to the school district at that point. The funds will not be subject to successful claims for refunds after that point.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.