The Honorable Dan Harmon Prosecuting Attorney P.O. Drawer 999 Benton, AR 72015
Dear Mr. Harmon:
This is in response to your request for an opinion concerning the refunding of taxes erroneously assessed and paid pursuant to A.C.A. § 26-35-901. According to the facts outlined in the letter attached to your request, the Hot Spring County Assessor has found some errors in its records indicating that some individuals have been doubly assessed for taxes on property, and that these errors may go back for several years. The assessor wants to know whether there is a statute of limitations on claims for refunds of taxes paid in error.
It is my opinion that this question was sufficiently addressed in Op. Att'y Gen. 88-294, a copy of which is attached hereto. Specifically, it was concluded in that opinion that the statute of limitations for an action under § 26-35-901 is three years.
The opinion relied on A.C.A. § 16-56-105 and Garland County v.Gaines, 47 Ark. 558, 2 S.W. 460 (1886). In Gaines the Arkansas Supreme Court referred to actions for recovery of taxes illegally exacted as actions in assumpsit, with a statute of limitations of three years. An action in assumpsit is defined as a common law form of action which lies for the recovery of damages for the non-performance of a parol or simple contract. See Black's Law Dictionary, 112 (5th ed. 1979). The three year statute of limitations thus comports with that set forth in A.C.A. §16-56-105(1), which authorizes a three year limit for commencement of actions founded upon contract.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosure