## YELL v. LANE ET AL.

1. STATUTE OF LIMITATIONS: *When burden of proof on plaintiff.*
   When the statute of limitations is pleaded and adverse possession for the period of the statutory bar is shown in an action of ejectment brought by one who has recently attained to majority, the burden is on him to prove that the action was commenced within three years from his majority.

2. EVIDENCE: *The clerk's endorsement of filing a complaint.*
   The clerk's endorsement of the date of filing a complaint will be judicially noticed by the court and jury without its being read to them as evidence.

Yell v. Lane et al.

3. NEW TRIAL: *Neglect of attorney in presenting evidence.*
  The omission of an attorney by neglect or oversight to produce evidence within his power is no ground for new trial. (For the facts, see the opinion.—Rep.)

APPEAL from *Franklin* Circuit Court.
Hon. G. S. CUNNINGHAM, Jr.

*U. M. & G. B. Rose,* for appellant.

The court erred in refusing the instructions asked by plaintiff. Cite *Gantt's Dig., Sec. 4113, 4608; Augell on Limtiations, Sec. 413; Melvin v. Prop'rs of Locks, 5 Met., 15; Doswell v. De La Manza, 29 How., 29; Herman on Estoppel, Secs. 220, 237; Jacks v. Chaffin, 34 Ark., 534; Logan v. Jelks, Id., 549.*

The errors in refusing these instructions were not in any way aided by the instructions given at the request of the defendants. It is impossible to say that the result would not have been different if the jury had been properly instructed.

*L. L. Wittich,* for appellee.

There was total failure on the part of plaintiff to prove when the action was commenced. The commencement of of an action is the filing of the complaint *and causing a summons to be issued. Gantt's Dig., Sec. 4503.* There was no evidence that a summons was ever issued.

This court will not reverse upon the mere weight of evidence. *7 Ark., 174; 10 Id., 138, 474; 17 Id., 478; 23 Id., 51, 112.*

It was plaintiff's own negligence, if he failed to introduce evidence to prove his cause, and the granting or refusal of a new trial was in the sound discretion of the court.

*W. W. Mansfield,* also for appellees.

There was a total want of evidence to show that the suit was begun within the period of limitation—no proof that a

summons was ever issued, and the appearance of defendants was not entered, until after the statute bar had attached.

The granting of new trials for "over sight" or "surprise" are in the sound discretion of the circuit court, which this court will not control.   No good reason is shown why he did not prove by the clerk or the sheriff the issuance of a summons, if one was issued.

EAKIN, J.   The honored citizen and gallant soldier, Archibald Yell, who fell at Buena Vista in 1846, left a will.   It appears from its context, that he left five children; a daughter, Mary I., in Tennes-see, and four other children at home in Arkansas, to-wit:   Clinton, Elizabeth, Jane and Artamisia.   To the last four he divided a lot of ground in the town of Ozark which is the subject of this suit.   Artamisia died in 1855 without issue, whereby each of her Arkansas co-devisees, became entitled to a fourth, each, of her share, the other fourth going to her Tennessee sister.   In other words, Clinton became entitled to five-sixteenths.   He died in 1861, whilst so in joint possession, leaving two children, one of whom soon afterwards died also.   The survivor, Archibald Yell, Jun., on the sixth of May, 1881, filed the complaint in this cause, for the recovery of his interest in the land, describing it as a third, against the defendants, who are shown to have obtained possession through Jane and Elizabeth, and to hold under them ; and who are admitted to have held the whole lot, adversely, since 1870.

It may be stated, once for all, that the evidence shows that plaintiff was not born *later* than in May, 1857 ; but was *probably* born about the ninth day of that month.

The complaint, marked filed on the sixth of May 1881, was in time to save the statute of limitations if it were the beginning of the suit.   There is no summons in the tran-script ; nor appearance of defendants until the month of

June 1881. The appearance was certainly too late to save the operation of the statutes, if *that* be the beginning.

There is much in the pleadings, exhibits, proof and instructions which concerns the titles of the respective parties. What we have stated is the result of it all. The verdict was for defendants ; and, with regard to that verdict, we have only to say that it *could not* have been otherwise, if the suit was barred ; and *must have been* for the plaintiff if the suit was brought in time. Whether or not the statute had run, is the only practical question presented. About the title, there is no difficulty whatever, legal or equitable. It was in the plaintiff if not barred. The adverse possession was admitted of record. The court will therefore notice only such alleged errors as touch the matter of limitation. This was duly pleaded by defendants.

1. STATUTE LIMITATIONS. Burden proof. The first ground of a motion for a new trial is that the court refused to give to the jury the instructions moved by plaintiff ; and because the court erred in modifying instructions two and three in the series. There were eight in all, and were all refused ; most of them contain correct propositions of law, not applicable to the statute of limitations ; but their refusal under the circumstances of the case could work no prejudice. Upon the subject of limitations the law was correctly stated by the court in the instructions asked by defendant. They were to the effect that the burden of proof was on the plaintiff to show that the action was begun within three years after he attained majority.

2. EVIDENCE: Endorsement of filing complaint. After the jury had retired, and deliberated, without having been able to agree upon a verdict, they came into court, and were then orally instructed by the judge that the plaintiff could not recover "unless it was proved by evidence that the complaint was filed and the summons was issued thereon, before the fifteenth of May, 1881," and further "that the certificate of filing on the back of the complaint, was not evidence, unless introduced as evi-

dence." The first portion of this oral charge is entirely correct, there being no appearance before the day named. The latter portion was erroneous, The clerk's endosement of the filing of the complaint may be noticed by the court and jury. It has always been treated as a part of the record here ; and need not have been formally produced to the jury as evidence. Their attention might have been directed to it through instructions, or by counsel in argument. Still, without something to show when the summons issued it was worthless, and the error did no harm.

Another ground of the motion seems to be intended to set up surprise on the trial, in this : It shows that plaintiff is a non-resident, and that in prosecuting the suit he acted by an agent—that his agent had ordered suit to be brought in the fall of 1880, and supposed it was done ; but the attorney had neglected to issue the summons ; that he discovered that fact on the fifth of May, and employed another attorney who filed the declaration in this case on the sixth ; that the clerk did then issue the summons, and place it in the sheriff's hands ; and that the sheriff executed it ; that he supposed it had been returned, but, after the trial begun, was informed by the clerk that it had not ; that the sheriff was then absent on official duty, and did not return during the trial ; that he did not know the sheriff was about to leave, nor where to find the summons ; that on a new trial, he would be able to prove that the summons was served on the sixth or seventh of May ; that the failure of his counsel to show the time of the summons was an oversight ; and that if a new trial is granted he will prove the facts by the clerk.

It is not shown that any motion was made during the trial for a continuance or suspension of the cause, until the sheriff might be ordered to return the writ ; nor is it shown that the clerk, who is an officer of the court, could not have been examined at once. The court, in the exercise of

NEW TRIAL. Neglect of Attorney in presenting evidence.

a sound discretion might, in the furtherance of justice, have permitted one or the other, as it might deem most proper under the circumstances. The court had been in session for more than a month, and there had been several proceedings in the cause to call the attention of attorneys to the papers. The session began on the sixth of June, and on that day this cause was set for trial on the twenty-seventh. That was the first appearance of the defendants by their attorneys, and the attorney for the plaintiff could not have relied on it to save the statute. The answer itself filed on the twenty-fifth of June set up the statute and advised the plaintiff of the importance of showing, by means other than the appearance, that the action was begun early in May. There were divers intervening motions made and discussed in the cause between that time and the twenty-fifth of July, during which time the sheriff was in court, and might have been called on for his return, which was the proper evidence to sustain the issue on the plaintiff's side. He left about two days before the trial which was not until the twenty-seventh.

Homer himself sometimes nods, and the most diligent attorneys are feelingly aware that at times they commit such oversights in the press of business. The Justice who delivers this opinion has no stones to throw at his brethren of the bar, since as attorney he conducted the case of the plaintiff in *Merrick v. Brittian, 26 Ark., 496*, where a motion for a new trial on a similar ground of surprise was not allowed. That case is an authority in point, and the reasoning of the court was accepted by him then without a murmur. It is now cited in support of the opinion that we cannot say the court below erred in holding that ground of the motion insufficient.

Such applications are advanced to the sound legal discretion of the presiding judge, who is always cognizant of much, which, from its nature, cannot be imported into the

record, but which he may himself judicially notice, and which should guide his discretion. We can only act upon an abuse of it, or in plain furtherance of justice manifest to us.

Upon the case as made, the verdict of the jury could not without error have been otherwise, and it was not error to refuse a new trial. The judgment for defendants must be affirmed.