H. L. TIFFANY, Insane, by his Next Friend and Friend of the Court, G. F. TUCKER, Plaintiff and Appellant, v. W. S. WORTHINGTON, Guardian of said H. L. TIFFANY, His Attorneys and Officers of the Court of Hamilton County, Iowa.

**Action:** INSANITY: NEXT FRIEND. Under Code, 2569 and 2570, action for and defenses by persons insane must be brought and defended by guardians. Section 2565 provides that, actions of a minor must be brought by *"his guardian or his next friend,"* and section 2274 makes all laws relating "to guardians for minors" apply to "guardians and their wards, in so far as they are applicable." *Held,* an action for one insane cannot be brought by a next friend.

SAME: JURISDICTION. An action in the district court will not lie in behalf of an incompetent person to remove his guardian, and require him to turn over property belonging to the ward, and to enjoin him from selling land of the ward, as the several grounds for relief are cognizable in the court of probate in its supervision of the estate of the incompetent.

**Res Adjudicata:** ALIMONY. That upon a dismissal of a wife's petition for divorce alimony is disallowed her does not bar her right to support from the estate of her insane husband.

*Appeal from Hamilton District Court:*—HON. D. R. HINDMAN, Judge.

WEDNESDAY, JANUARY 22, 1896.

Plaintiff entitles this action as above, and asks certain relief on behalf of H. L. Tiffany, insane, against the defendant Worthington, as guardian, and alleges as grounds therefor, in substance as follows: That about February 9, 1889, H. L. Tiffany was adjudged insane, and defendant Worthington was appointed and qualified as his guardian; that prior thereto Mrs. Tiffany petitioned for divorce and alimony, on the ground of cruel and inhuman treatment by her

husband H. L. Tiffany; that pending said action Mr. Tiffany was adjudged insane, and a guardian *ad litem* appointed to defend said action. Said guardian *ad litem* pleaded as a defense that Mr. Tiffany was insane at the time of the alleged cruel and inhuman treatment. Decree of divorce was granted in the district court and certain amounts allowed to Mrs. Tiffany, her attorneys, and to said guardian *ad litem*, and an order made that Worthington, as guardian, pay the same, and it was held, on appeal to this court, that the payment of said sums by Worthington, guardian, did not defeat the defendant's appeal in that case. See 84 Iowa, 123 (50 N. W. Rep. 554). Plaintiff alleges that said payments by Worthington, guardian, were unauthorized, and that he should be held to have the amount thereof, five hundred and ninety-five dollars and seventy cents in his hands as guardian. Plaintiff alleges that the suits are being brought against said guardian for necessaries furnished to the family of his ward, that should be paid out of said five hundred and ninety-five dollars and seventy cents; that defendant Worthington obtained an order of court allowing thirty dollars per month, to be paid for the support of the family of his said ward, and for the sale of enough of real estate to bring one thousand five hundred dollars to pay said allowance; that the decree making said allowance and ordering the sale of real estate is in contravention of the decision of the supreme court in said divorce case, and was obtained wrongfully fraudulently, and unlawfully, and was not appealed from. He also alleges that defendant Worthington is neglecting to give the required notice to procure treasurer's deed on tax-sale certificates, to which deeds the estate of his ward is entitled. Plaintiff, Tiffany, prays that the defendant be removed as guardian; that he, his attorneys, and the officers of the court be enjoined from selling any land; and that Worthington be

required to account for and pay over said five hundred and ninety-five dollars and seventy cents, and all moneys, notes, tax certificates, and personal property belonging to his ward, to his successor or to the clerk of the court. The defendant Worthington demurred, "because plaintiff has no legal capacity to sue, and no action can be brought by next friend of an insane person in this state." This demurrer was sustained, to which plaintiff excepted; and, plaintiff electing to stand on his petition, judgment was rendered against him, from which he appeals.—*Affirmed.*

*Gibson Browne* and *G. F. Tucker* for appellant.

*D. C. Chase* for appellee.

Given, J.—I. Our inquiry is as to the right of G. F. Tucker, as next friend to H. L. Tiffany, previously adjudged insane, to maintain this action. Section 2569 of the Code is as follows: "The action of a person judicially found to be of unsound mind, must be brought by his guardian, and, if he have none, the court or judge thereof, or the clerk, in vacation, may appoint one for the purposes of this action." Section 2570 provides that defenses for such persons "must be by his guardian or a guardian appointed by the court to defend for him." It will be observed that there is no provision here for bringing or defending an action by next friend for a person judicially found to be of unsound mind. Section 2565 provides that "the action of a minor must be brought by his guardian or next friend." Appellant contends that because of the provision of section 2274, said section 2565 is applicable to insane persons as well as minors. Said section 2274 is as follows: "The provisions in this chapter, and all other laws relating to guardians for minors and

regulating or prescribing the powers, duties, or liabilities of each and of the court so far as the same are applicable, shall be held to apply to guardians and their wards appointed under section two thousand two hundred and seventy-two of this chapter." Said section 2272 is the one that authorizes the appointment of guardians for persons of unsound mind. It seems to us that the section authorizing actions of minors to be brought by a next friend is not applicable to actions of persons judicially found to be of unsound mind. The fact that the provision as to minors is omitted in section 2569 indicates quite clearly that it was not intended that actions of persons judicially found to be of unsound mind might be prosecuted by next friend, and this view of the statute is in harmony with the general current of authorities. In support of the rule that actions in favor of persons adjudged insane cannot be prosecuted by next friend, see *Dorsheimer v. Roorback*, 18 N. J. Eq. 438; *Covington v. Neftzger* (Ill. Sup.) 30 N. E. Rep. 764; *Nichol v. Thomas*, 53 Ind. 42. Appellant cites, in support of his right to maintain this action, *Gates v. Carpenter*, 43 Iowa, 152. That case simply holds that, in an action by a guardian, wherein he alleges that he was duly appointed, the validity of his appointment could not be contested under a general denial. *Johnson v. Janes*, 41 Ga. 596, also cited, was a case of a minor. *Foster v. Jones*, 23 Ga. 168, was a defense by a guardian *ad litem* appointed by the court. *Hinton v. Bland's Adm'r*, 81 Va. 588, holds that it is only where there is no guardian, or where there is a conflict of interest between the guardian and a lunatic, that it becomes necessary to appoint a guardian *ad litem* for the insane defendant. In *Thurston v. Cavenor*, 8 Iowa, 156, it was held that, in an action of a minor by next friend, the next friend may be discharged and another substituted. *Graves v. Graves*, 36 Iowa, 310, also cited,

holds that an action for alimony alone may be maintained. Appellant seems to rely largely on what is said by this court when disposing of the divorce case. 84 Iowa, 123 (38 N. W. Rep. 554). The question of the right of a next friend to maintain an action on behalf of one adjudged insane and under guardianship was not involved nor considered in that case. That case has no application to this, except as it may go to show the defendant Worthington's liability for the five hundred and ninety-five dollars and seventy cents paid under the decree of the district court. None of the authorities cited by the appellant tend to support his right as next friend to maintain this action. In *Covington v. Neftzger, supra,* it is said: "A person suing as next friend has no authority to bind the lunatic or his estate. He is a mere volunteer, clothed with no authority from any court. He may be liable for costs, but he does not control the lunatic or his estate in any manner whatever; and it would be a dangerous rule to hold that such a person might, at his own will or discretion, come into court for the purpose of impeaching a transaction in which he has no interest as a trustee or otherwise, and over which he has no control." In *Dorsheimer v. Roorback, supra,* it is said: "The rule is a wise one. It should never be permitted that any volunteer, who, by styling himself the next friend of an idiot, brings suit for him, should lose or jeopardize his rights."

A reason for this distinction between minors and insane persons is that the latter, during insanity, have no disposing mind, and can do no act binding himself, while the former may, within certain limits, bind himself. Another reason why appellant should not be per-

mitted to maintain this action is that his petition fails to show any good cause therefor. Every ground for relief alleged is clearly cognizable in the court of probate, in its supervision of the estate of H. L. Tiffany, and within its power to grant. If defendant Worthington is liable for the five hundred and ninety-five dollars and seventy cents, he will be charged therewith in his accounting to the court, and required to properly apply it. As to the decree making the monthly allowance for the support of H. L. Tiffany's family, and for the sale of real estate for the payment thereof, there is no showing that it was not authorized and proper. Mrs. Tiffany's petition for divorce being dismissed, she remains the wife of H. L. Tiffany, and with her family is entitled to support from his estate; and the disallowance of alimony in the divorce case does not bar her, or her family, from the right to the support allowed. It is charged that this decree was obtained wrongfully, fraudulently and unlawfully; but these allegations are mere conclusions, without any statement of fact to support them. The court of probate has undoubted authority to require the defendant Worthington, as guardian, to proceed in the proper manner and with necessary dispatch in respect to any tax certificates held by him, and in all other respects to perform fully his duties as guardian. We are clearly of the opinion that the demurrer was properly sustained and the judgment of the district court is *affirmed*.