BRAKE *v.* SIDES.

Opinion delivered May 9, 1910.

LIMITATION OF ACTIONS—WHEN SEVEN YEARS STATUTE BEGINS TO RUN AS TO FEMALE INFANT.—Under the proviso in the seven years statute to the effect that a female infant may sue within three years after full age, the exception in her favor expires three years after she attains the age of 18 years.

Appeal from Clay Chancery Court, Eastern District; *Edward D. Robertson,* Chancellor; affirmed.

*Johnson & Burr,* for appellants.

An executor or administrator cannot become the purchaser of the property he represents.  27 Ark. 637.  And the deed may be avoided by any one interested in the land.  46 Ark. 25; 36 Ark. 383; 40 Ark. 393; 48 Ark. 248; 75 Ark. 184; *Id.* 40; 112 S. W. 373; 119 S. W. 654.  The same rule applies to tenants in common.  49 Ark. 242; 54 Ark. 627; 61 Ark. 575; 60 S. W. 420; 75 Ark. 184; 73 Ark. 575.  The deed, not having been delivered, is void.  77 Ark. 89; 74 Ark. 104; 25 Ark. 225.  Repeals by implication are not favored.  11 Ark. 103; *Id.* 496; 23 Ark. 304; 24 Ark. 479; 76 Ark. 443; 28 Ark. 317; 29 Ark. 225; 76 Ark. 32; 50 Ark. 132.  Subsequent laws do not abrogate prior one unless they are clearly in conflict with each other.  123 S. W. 771; 81 Ark. 440; 80 Ark. 411; 72 Ark. 119; *Id.* 135; 63

Ark. 397; 60 Ark. 59; 57 Ark. 474; 54 Ark. 235; 53 Ark. 417; *Id.* 337; 52 Ark. 447; 51 Ark. 559; 114 S. W. 708. The statute runs only against parties and privies. 101 Fed. 98; 82 Ark. 52. The five-year statute does not apply to judicial sales unless they are confirmed. 61 Ark. 80; 69 Ark. 539. But when confirmed the statute begins to run. 76 Ark. 146. A court of chancery should not divest the owner of title on the ground of laches for a period of time shorter than the statute of limitations. 99 S. W. 84; 83 Ark. 154; 112 S. W. 161; 119 S. W. 645; 123 S. W. 650.

*Block & Kirsch,* for appellee.

The recording of a deed at the instance of the grantor is a sufficient delivery. 25 Ark. 234; 19 So. 324; 72 Ark. 93. The delivery being good, the conveyance is binding between the parties. 45 N. Y. 406; 67 Ark. 325; 34 Ark. 291; 77 Ark. 60. The word "void" in sec. 3658, Kirby's Dig., means "voidable." 67 Ark. 329. A female is of age for all purposes at the age of 18 years. Kirby's Dig., § 3756; 64 Ark. 415; 79 Ark. 194.

McCULLOCH, C. J. The controlling question to be determined on this appeal is whether the exception in the seven-years statute of limitations in favor of an infant expires in the case of a female infant three years after she attains the age of 18 years, or three years after she becomes 21 years of age. This statute relates to actions to recover land held adversely by another, and the exception in favor of infants and others under disability reads as follows: "Provided, if any person or persons that are or shall be entitled to commence and prosecute such suit or action in law or equity be or shall be at the time said right or title first accrued, come or fallen within the age of twenty-one years, *femme covert* or *non compos mentis,* that such person or persons, his, her or their heirs, shall and may, notwithstanding said seven years may have expired, bring his or her suit or action, so as such infant, *femme covert* or *non compos mentis,* his, her or their heirs, shall bring the same within three years next after full age, discoverture or coming of sound mind." Kirby's Digest, § 5056.

This statute was enacted in its present form in 1851, and at that time all persons under the age of 21 years, both male and female, were declared by statute to be minors. An act of the General Assembly, approved April 22, 1873, provides that "males of the age of twenty-one years, and females of the age of eighteen

years, shall be considered of full age for all purposes, and, until those ages are attained, they shall be considered minors." (Kirby's Digest, § 3756). That statute was entitled "An act defining the powers and regulating the duties of guardians, curators and wards," and it was a comprehensive statute covering the whole scope of guardianship of minors and the control of their estates.

It is insisted that the case of *Rankin* v. *Schofield*, 81 Ark. 440, is decisive of the question, but we, do not think that case reaches to it at all. There the court construed a statute which gives an infant the right to show cause against a judgment "within twelve months after arriving at the age of twenty-one years." (Kirby's Digest, § 6248). Judge BATTLE, in delivering the opinion of the court, said: "Section 6248 is a special or particular statute, providing a remedy in particular cases, and it is not repealed or modified by any general affirmative statute, unless it contains negative words or is invincibly repugnant thereto."

The court held in *Jones* v. *Pond & Decker Mfg. Co.*, 79 Ark. 194, that under the same statute a female who was 18 years of age when judgment was rendered against her had no right to show cause thereafter, and we do not understand that the rule in that case was overruled by the later case of *Rankin* v. *Schofield*. Two of the judges concurred in both those opinions, and there was no intimation of an intention to overrule the first-named case.

However, we do not think the decision in either of those cases is decisive of the question presented now. Other decisions of this court do shed considerable light on this question, and lead clearly to the conclusion that the suit of a female infant must be brought within three years after she arrives at 18 years of age. The same section of the statute contains an exemption in favor of married women, and provides that they may bring an action in three years after *discoverture*. This court in several cases has held that the act of 1873 impowering married women to sue alone and in their own names, on account of their separate property, did not repeal by implication the saving clause in their favor in the statute of limitations. Mr. Justice SMITH, delivering the opinion of the court in the first of those cases, said: "The wording of our statute limiting the time for the bringing of the action

for the recovery of real property is peculiar. It gives the married woman three years after discoverture; that is, after the release from the bonds of matrimony by the death of the husband, or by divorce. If the language had been 'three years after the removal of her disability,' we might very well hold that her disability could be removed by an act of the Legislature as well as by the husband's death." *Hershy* v. *Latham,* 42 Ark. 305.

The limitation statute of December 14, 1844 (which had no application to the seven-year statute of limitation enacted in 1851), provided that "if any person entitled to bring any action, in this or any other act of limitations now in force specified, shall, at the time of the accrual of the cause of action, be under twenty-one years of age, or insane, or a married woman, or imprisoned beyond the limits of the State, such person shall be at liberty to bring such action within the time now specified by law, or in this act for bringing such action, after such disability may be removed." Kirby's Digest, 5075. This court held that the married women's enabling act of 1873 (Kirby's Digest, § § 5212-20) by implication repealed the exemptions in favor of married women contained in the above-quoted limitation statute of 1844. Mr. Justice SMITH again delivered the opinion of the court, and in distinguishing the two cases said: "*Hershy* v. *Latham,* 42 Ark. 305, stands on the peculiar language of the act of 1851, limiting actions for the recovery of lands. That act gives a married woman three years within which to sue after she becomes discovert, not after removal of her disability." *Garland County* v. *Gaines,* 47 Ark. 558.

Other decisions follow this to the same effect. The distinction made by the court in those two lines of cases is controlling in the present case, and distinguishes it from the case of *Rankin* v. *Schofield, supra.* There the peculiar language of the statute construed was that the infant, "within twelve months after arriving at the age of twenty-one years, may show cause against such order or judgment." The statute now under consideration provides that the infant may bring such action within three years next after full age. The later statute of 1873 provides that "females of the age of eighteen years shall be considered of full age for all purposes." Kirby's Digest, § 3756. We perceive no reason why this is not applicable, and

we think it modifies the statute of limitation so as to bar the action of a female to recover land in three years next after arriving at the full age fixed by the later statute.

It is urged that the purpose of the lawmakers in passing the act of 1873 was to encourage early marriages by enabling females to contract marriage at an earlier age than twenty-one years without the consent of parents or guardians. That may have been a reason that appealed to the lawmakers, but there is nothing to show that this was the sole purpose of the act. The statute is broad enough to completely emancipate females at the age of 18 years.

The decree of the chancellor is therefore affirmed.