MURPHY *v.* GRAVES.

Opinion delivered January 25, 1926.

1. HOMESTEAD—ORDER VESTING IN WIDOW.—An order vesting the title to a decedent's homestead in his widow on the ground that the value of the estate was less than $300 was void where decedent left minor children.

2. HOMESTEAD—CONVEYANCE BY WIDOW—ABANDONMENT.—An attempted conveyance of the homestead by a widow operates as an abandonment of her homestead rights and affords grounds for re-entry by the holder of the title in remainder.

3. GIFTS—ENFORCEMENT OF ORAL GIFT.—An oral gift of land is enforceable where there is actual possession delivered, followed by the making of valuable improvements by the donee.

4. HOMESTEAD—CONVEYANCE BY WIDOW—LIMITATION.—Where a widow executed a conveyance of decedent's homestead, the fact

that she had an unassigned right of dower did not bar the right of entry of decedent's heirs, so as to prevent the statute of limitations from running against such heirs.

Appeal from Ouachita Chancery Court, Second Division; *George M. LeCroy,* Chancellor; affirmed.

*G. R. Haynie* and *O. E. Westfall,* for appellant.

*H. C. Compton, T. W. Hardy, Henry Stevens, Pace & Davis,* and *R. E. Wiley,* for appellee.

MCCULLOCH, C. J. This appeal is a sequel to the appeal in the case of *Hilderbrand* v. *Graves,* 169 Ark. 210. Reference to the opinion in that case is made for a detailed statement of the facts, and it is only necessary to refer to the facts developed in the record after the decree from which the former appeal came.

The appellant, Ben Murphy, was a party-defendant in the cause originally, and there was a final decree against him declaring that he had no interest in the lands in controversy. He was constructively summoned in the case, but did not appear in person, and prosecuted no appeal with the other defendants; however, he appeared within the statutory period allowed for setting aside judgments rendered on constructive service, and there was a retrial of the issues between him and the appellees, who were the plaintiffs below. The action was instituted by appellees against Hilderbrand and others to cancel conveyances of the land executed by appellees to those parties, and appellant Ben Murphy was made a party-defendant on the allegation that he was asserting an interest in the lands, but in fact had none.

All of the parties to the action claimed title under the same source, Larkin Murphy, who was the original purchaser from the United States and died intestate in the year 1878, leaving his widow, Mary Murphy, and two children, Joe and Drucilla. The property constituted the homestead of Larkin Murphy, and was occupied by his widow Mary, after his death, as her homestead. She subsequently married a man named Graves, and there were three children, Luther, Mary and Martha, the issue

of that marriage. They were plaintiffs in the trial below and are appellees here.

Appellant was the illegitimate child of a young woman named Hattie Farris, who intermarried with Joe Murphy a few months after appellant's birth. This was in the year 1897, and appellant's claim to an interest in the land is based upon the assertion that Joe Murphy was his father, and that, after having intermarried with Hattie Farris, he recognized appellant as his child. In other words, appellant's claim is based upon the operation of the statute of this State which reads as follows:

"Section 3473. If a man have by a woman a child or children, and afterwards shall intermarry with her, and shall recognize such children to be his, they shall be deemed and considered as legitimate." Crawford & Moses' Digest.

It is seen from the above recital that the title in Larkin Murphy descended upon his death to his two children, Joe and Drucilla, subject to the widow's homestead right of occupancy and her dower right, and that the undivided half interest of Joe Murphy, subject to the aforementioned rights of the widow, descended to appellant if he was legitimatized as an heir under the operation of the statute quoted above.

There was a great mass of testimony introduced in the trial below on the issue as to whether or not appellant was in fact the child of Joe Murphy, and, if he was, whether or not Joe Murphy recognized him as his child after the intermarriage with appellant's mother. After careful consideration of the testimony, we have reached the conclusion that the preponderance of the evidence on this issue is in favor of appellant, and that the court erred in its finding on that issue, but our conclusion upon that issue is not decisive of the whole case, therefore it is unnecessary to set out in detail the testimony upon which our conclusion is based. We content ourselves merely by saying that, after consideration of the testimony, we find that it preponderates in favor of a

finding that Joe Murphy was appellant's father, and that shortly after appellant's birth he married appellant's mother and thereafter recognized appellant as his child. The question of the statute of limitation is involved, however, and it becomes necessary to consider the facts with reference to that plea.

In the year 1884 the probate court of Ouachita County, on the application of Mary Graves, widow of Larkin Graves, made and entered an order vesting the title to the lands in said Mary Graves on the ground that the value of the whole estate of Larkin Murphy, real and personal, was less than the sum of $300. We decided on the former appeal that this order vesting title in Mary Graves was void, on the ground that the property constituted the homestead of the decedent, and that he left minor children, and that decision is conclusive of the question on the present appeal.

The tract of land in controversy consists of 160 acres, being the south half of the south half of a certain section, and lies in the form of a rectangle. Mary Graves, as we have already stated, continued to occupy the land as her dwelling place and homestead, and she executed to appellee Luther Graves, a son by her last marriage, a deed, or rather two deeds, conveying to him the west one-third of the land in controversy, fifty-three and one-third acres. One of these deeds was executed in the year 1905, and the other in the year 1911, and purported to convey the absolute title in fee. In the year 1897, Mary Graves conveyed to Will Newton, the husband of Drucilla Murphy, the middle one-third of the tract in controversy, fifty-three and one-third acres, by deed purporting to convey in fee simple. Mary Graves lived on what was called the old home tract, the east end of the land in controversy, and in the year 1913 she made a gift to her daughter, Mary, of the west half of the east fifty-three and one-third acres of the homestead, and about the same time she gave the east half of that tract to her daughter Martha. The daughter Mary had at that

time recently intermarried with Henry Murphy, and she and her husband entered upon the lands conveyed to her, and made improvements and have continued to reside thereon up to the commencement of this action. Martha and her husband took possession of the land conveyed to Martha and made improvements thereon, and have continued to occupy the same. Mary Graves has lived since that time with her two daughters on the lands which she had given to them. Mary Graves did not execute a deed to her daughters until May, 1922, when she executed proper deeds to both of her daughters, Mary and Martha, to the tracts above mentioned, purporting to convey the title in fee simple.

It has long been held to be the law in this State that an attempted conveyance of the homestead by a widow operates as an abandonment of her homestead rights and affords grounds for re-entry by the holder of title in remainder. *Garibaldi* v. *Jones,* 48 Ark. 230; *Warren* v. *Martin,* 168 Ark. 682. It is plain, therefore, that the conveyances executed by Mary Graves in the years 1905 and 1911, respectively, operated as a complete abandonment of the portions of the lands described in those deeds. Likewise, the deed of Mary Graves to Newton, executed in the year 1897, constituted an abandonment of that portion of the homestead. The question presents itself whether or not the oral gift of the remainder of the land to the two daughters of Mary Graves constituted an abandonment. We are of the opinion that it did. An oral gift of land is not enforceable unless there is actual possession delivered followed by the making of valuable improvements by the donee. *Young* v. *Crawford,* 82 Ark. 33; *Brown* v. *Norvell,* 96 Ark. 609; *Williams* v. *Neighbors,* 107 Ark. 473; *Causey* v. *Wolfe,* 135 Ark. 9. The executed oral gifts of land were as effectual to divest title as a written conveyance, hence it operated as an abandonment of the homestead right, the same as a deed of conveyance.

Appellant's right of entry as heir was complete upon the abandonment of the homestead right by the widow, and the statute of limitations began to run against him at that time. The widow also had an unassigned dower right, but this did not bar the right of entry of the heirs so as to prevent the statute of limitations from running. *Griffin* v. *Dunn,* 79 Ark. 408; *Fletcher* v. *Josephs,* 105 Ark. 646.

According to the undisputed evidence, appellant was born in the year 1897, and was therefore more than twenty-five years of age when this action was commenced. His disability of infancy was removed when he attained full age, more than four years before the commencement of this action, hence the bar of the statute was complete. Crawford & Moses' Digest, § 6942. Appellant was, as to Drucilla Murphy and her grantees, a tenant in common, but there was a complete and notorious ouster and disregard of his rights, which was sufficient to put the statute in operation. There was an actual adverse occupancy. Drucilla Murphy and her husband, Will Newton, conveyed the middle one-third of the tract to Minerva Brister in the year 1909, and moved away, and the property was thereafter occupied continuously by Minerva Brister. It follows therefore that as to all the tracts appellant was barred, and that the decree of the chancery court was correct, although based upon untenable grounds.

It follows from what we have said that the decree in the case against appellant must be affirmed, but this affirmance does not inure to appellees to the extent of vesting in them the title of an interest of appellant, for they have all heretofore conveyed all of their right and interest in the lands to the other defendants in the original action, Hilderbrand and others, and this court in the former decision directed the chancery court to render a decree against appellees in favor of said defendants. The effect of the affirmance is merely to deny the ap-

pellant any present rights in the lands, and not to vest any rights in appellees which have already been adjudged to the other defendants in the original action.

Decree affirmed.