Nixon v. Norton-Wheeler Stave Company.

4-7444                                                   183 S. W. 2d 300

Opinion delivered November 6, 1944.

*A. D. Chavis,* for appellant.

*Rowell, Rowell & Dickey,* for appellee.

KNOX, J. The west half of southwest quarter and southeast quarter of southwest quarter, section 32, township 7 south, range 8 west, Lincoln county, Arkansas, forfeited and was certified to the State for taxes for each of the years 1921, 1922 and 1923. Each time such land was listed on the tax records as belonging to one W. B. Nixon. Several years later, to-wit, April 27, 1927, Nixon died, and still later, to-wit, on July 18, 1929, the State of Arkansas, acting through its Commissioner of State Lands, conveyed its title and interest to appellee's predecessors in title, reciting in its deed that the land had forfeited for taxes of 1922. On October 3, 1941, appellants, allegedly the four living children and all the surviving heirs of W. B. Nixon, instituted this suit attacking the tax sales and seeking to recover the land.

Having concluded that appellee's possession was under color of title and whatever rights appellants might once have had, if any, were at the time of the filing of the complaint barred by various statutes of limitations, we deem it unnecessary to set forth any facts which do not affect one or both of such issues.

All parties apparently concede that appellant, W. B. Nixon, Jr., was and is the youngest child. The record does not disclose the exact date of his birth. He did, however, give a deposition in this cause on April 7, 1942, at which time he swore that he was then 28 years of age. He, therefore, could not have been younger than 24 years

on and after April 7, 1938. For reasons more fully herein-after discussed it was necessary in order to toll the statute of limitations that this action be commenced on or before W. B. Nixon, Jr., the youngest child, reached the age of 24 years, or to be more specific on or before April 7, 1938. The action was not filed until October 3, 1941, more than three years beyond the last day on which the action could have been commenced.

Section 8918 of Pope's Digest reads in part as follows: "No person or persons, or their heirs, shall have, sue or maintain any action or suit, . . . for any lands, tenements or hereditaments but within seven years next after his, her or their rights to commence, have or maintain such suit shall have come, fallen or accrued; . . . Provided, if any person or persons that are or shall be entitled to commence and prosecute such suit or action in law or equity be or shall be at the time said right or title first accrued come or fallen within the age of twenty-one years or *non compos mentis,* that such person, or persons his, her or their heirs shall and may, notwithstanding said seven years may have expired, bring his or her suit or action, so as such infant or *non compos mentis,* his, her or their heirs, shall bring same within three years next after full age, or coming of sound mind . . ." Section 8920 of Pope's Digest reads as follows: "Unimproved and uninclosed land shall be deemed and held to be in possession of the person who pays the taxes thereon if he have color of title thereto, but no person shall be entitled to invoke the benefit of this act unless he and those under whom he claims shall have paid such taxes for at least seven years in succession, and not less than three of such payments must be made subsequent to the passage of this act."

The section last quoted is to be construed in connection with the saving clause in § 8918, *supra; Taylor* v. *Leonard,* 94 Ark. 122, 126 S. W. 387; *Deane* v. *Moore,* 105 Ark. 309, 151 S. W. 286; *Brasher* v. *Taylor,* 109 Ark. 281, 159 S. W. 1120.

It is conceded that at all times material to a decision of this case the land here involved was and is wild and

unimproved, and taxes thereon were paid by appellee or its predecessors.

The appellant, W. B. Nixon, Jr., the youngest child, was a minor on the date appellee's predecessor in title acquired the first deed from the state. Appellants urge two grounds for reversal: (1) that because the deed recited a tax forfeiture for the taxes of 1922, when there had been a prior forfeiture and certification to the state for the taxes of 1921 there could have been no assessment of taxes for 1922, the state being already the owner of the land, and, therefore, the State's deed to appellee's predecessor in title could not and did not constitute color of title; and (2) that appellants are entitled to seven full years in which to redeem the land after appellant, W. B. Nixon, Jr., reached his majority.

We are convinced that the deed from the Commissioner of State Lands to appellee's predecessor in title was color of title notwithstanding the fact that it recited a forfeiture and sale for the year 1922, a year when because of the forfeiture for the previous year title was already apparently in the state, and the land apparently not taxable because of such fact. *Beard* v. *Dansby*, 48 Ark. 183, 2 S. W. 701; *Osceola Land Co.* v. *Chicago Mill & Lbr. Co.*, 84 Ark. 1, 103 S. W. 609; *Holub* v. *Titus*, 120 Ark. 620, 180 S. W. 218; *Black* v. *Brown*, 129 Ark. 270, 195 S. W. 673; *Schmeltzer* v. *Scheid*, 203 Ark. 274, 157 S. W. 2d 193; *Riddle* v. *Williams*, 204 Ark. 1047, 166 S. W. 2d 893.

The state deed here being regular on its face was sufficient to constitute color of title although it might have recited forfeiture for taxes due for wrong year. *Culver* v. *Gilliam*, 160 Ark. 397, 254 S. W. 681; *Hunt* v. *Boyce*, 176 Ark. 303, 3 S. W. 2d 342.

We are also unable to agree with appellants' contention that they were entitled to seven full years after the majority of appellant, W. B. Nixon, Jr., in which to commence this action. We have heretofore quoted all of § 8920, and that part of § 8918 of Pope's Digest which appears applicable to the facts of this case. The con-

struction placed on these statutes by appellants to the effect that they are thereby permitted seven full years after the youngest child attains his or her majority in which to begin their action is contrary to the construction which has been placed on these statutes by many former decisions of this court. *Yell* v. *Lane,* 41 Ark. 53; *McGaughey et al.* v. *Brown et al.,* 46 Ark. 25; *Brake* v. *Sides,* 95 Ark. 74; 128 S. W. 572; *Reed* v. *Money,* 115 Ark. 1, 170 S. W. 478; *Murphy* v. *Graves,* 170 Ark. 180, 279 S. W. 359. These decisions are to the effect that the bar of the statute begins and continues to run against adults and infants alike, except that, in the case of infants whose rights accrue during their minority, such infants have the seven years (part or all of which may run during their minority) and in addition thereto, such length of time as may have transpired between the date of the accrual of the cause of action and the majority of such infant, but in no case shall the period of extension granted because of the accrual of such cause during minority exceed three years.

Thus it is readily apparent that unless this action had been commenced on or before the date appellant W. B. Nixon, Jr., reached the age of twenty-four years such action is barred under the statute quoted.

As above stated the record does not definitely disclose the date on which appellant, W. B. Nixon, Jr., reached the age of twenty-four years, but we have heretofore demonstrated that according to his own statement as to his age made in his deposition given on April 7, 1942, he could not have been less than 24 years of age on and after April 7, 1938, and, therefore, this action could not have been commenced after that date. The record discloses that this action was filed October 3, 1941, nearly three years and six months after it was barred under the statute. For that reason the chancery court dismissed appellants' complaint for want of equity, and convinced as we are that its decree is correct the same is accordingly affirmed.