**239 P.2d 723**

**FIELD et al. v. TURNER et al.**
**No. 5448.**

Supreme Court of New Mexico.
Jan. 7, 1952.

Reese, McCormick & Lusk, and Eugene C. Paine, all of Carlsbad, for appellants.

Hervey, Dow & Hinkle, and Charles R. Brice, all of Roswell, for plaintiffs-appellees.

James T. Jennings, Roswell, R. H. Wills, J. P. Greve, Tulsa, Okl., for third party defendants-appellee.

McGHEE, Justice.

The appellants, except Turner, seek the recovery of an undivided one half interest in a half section of land in Lea County which their late father, Elvis W. Bullock, and his wife, while the former was insane, conveyed to H. Field for its full value on June 3, 1936, without the exercise of coercion or undue influence on the part of Field. The father continued to be insane until his death on April 27, 1942. At the time of the above transaction Field also purchased the other half interest from its owner. Field promptly filed his deeds for record and went into actual possession of the land and he in his lifetime, and his heirs since then have continued in the peaceful, actual and adverse possession thereof, timely paying all taxes assessed against it.

The Mid-Continent Petroleum Corporation has an oil and gas lease on the tract from the Field heirs, and Turner has an oil and gas lease executed by the sons and daughters of Elvis W. Bullock on four-tenths of the minerals.

On May 2, 1950, the Field heirs filed suit to quiet their title to the land as against the Bullock heirs and Turner. On June 15, 1950, such defendants, joined by Don G. McCormick as guardian ad litem for Deward Bullock, son of Elvis W. Bullock, who has been insane since, at least, prior to the death of his father, disaffirmed the deed from their father and mother to Field, tendered back the consideration, less rents and profits, and asked that they be allowed to recover the interest in the land which would have gone to them on the death of their father.

The sole questions in this appeal relate to our limitation statutes.

The parties agree that the deed of an insane person is voidable and not void, but they disagree as to the applicable statute and when it started running, the appellants contending the ten-year statute, Sec. 27–121, 1941 Compilation (before the 1947 amendment) governs and that it, except as to the insane appellant, started running on the death of the grantor. The guardian ad litem says as his ward was insane at the time of the death of his father, limitations never started running against him. The appellees contend the four-year statute, Sec. 27–104, 1941 Compilation, controls, but if it be determined the ten-year statute applies the claim was barred at the time of the filing of the cross-complaint for the reason limitation began to run at the time of the filing of the deed to Fields for record and his entry into possession of the property, and that the insanity of Deward Bullock cannot be tacked to that of his father so as to suspend the operation of the ten-year statute.

These statutes read as follows:

"No person or persons, nor their children or heirs, shall have, sue or maintain any action or suit, either in law or equity, for any lands, tenements or hereditaments, against any one having adverse possession of the same continuously in good faith, under color of title, but within ten (10) years next after his, her or their right to commence, have or maintain such suit shall have come, fallen or accrued, and all suits, either in law or equity, for the recovery of any lands, tenements or hereditaments so held, shall be commenced within ten (10) years next after the cause of action therefor has accrued: Provided, that if any person entitled to commence or prosecute such suit or action is or shall be, at the time the cause of action therefor first accrued, imprisoned, of unsound mind, or under the age of twenty-one (21) years, then the time for commencing such action shall in favor of such persons be extended so that they shall have one (1) year after the termination of such disability to commence such action; but no cumulative disability shall prevent the bar of the above limitation, and this proviso shall only apply to those disabilities which existed when the cause of action first accrued and to no other. * *" Sec. 27–121, N.M.S.A., 1941 Comp.

"The following suits or actions may be brought within the time hereinafter limited, respectively, after their causes accrue, and not afterwards, except when otherwise specially provided." Sec. 27–101, N.M.S.A., 1941 Comp.

"Those founded upon accounts and unwritten contracts; those brought for injuries to property or for the conversion of personal property or for relief upon the ground of fraud, and all other actions not herein otherwise provided for and specified within four (4) years." Sec. 27–104, N.M.S.A., 1941 Comp.

We will first determine whether the appellants are barred under the ten-year statute.

It is their contention that an act of disaffirmance of the 1936 deed was a condition precedent to the accrual of a cause of action to recover the land, and that such disaffirmance could not be made by an insane person; that, therefore, limitations did not start running until the death of Elvis W. Bullock in 1942, and that their cross-complaint was timely filed in 1950.

The appellants cite the case of Downham v. Holloway, 158 Ind. 626, 64 N.E. 82, in support of their claim that an insane person has no power to affirm or disaffirm a deed, and, consequently, that limitations did not start running until the death of the grantor in 1942. It and the other Indiana cases therein cited fully support the claim, and, if followed, the appellants must prevail.

They also rely on the case of Parker v. Betts, 47 Colo. 428, 107 P. 816, where it was held the cause of action did not accrue and limitations did not commence to run until the death of the grantor. Due to a difference in the statutes of Colorado and New Mexico this case cannot be considered as authority here.

The cases of Howard v. Carter, 71 Kan. 85, 80 P. 61, and Jenkins v. Jenkins, 94 Kan. 263, 146 P. 414, likewise support the contentions of the appellants, but they are contrary to and are apparently overruled by the later Kansas cases of Bradley v. Hall, 165 Kan. 358, 194 P.2d 943, and Wilson v. Beeler, 151 Kan. 699, 100 P.2d 645. The rights of minors were involved in these late Kansas cases but the same law governs them and insane persons. See also Fletcher v. Holcomb, 142 Kan. 177, 45 P.2d 1053.

The appellants also cite Reaves v. Davidson, 129 Ark. 88, 195 S.W. 19, in support of their contention the statute of limitations did not start running until the death of the insane grantor. The Arkansas statute, § 37–226, is identical with ours, except it allows three years after the recovery of sanity or a minor becomes of age for the institution of suit where ours allows only one. This case was contrary to earlier Arkansas cases and it is also contrary to the later case of Nixon v. Norton-Wheeler Stave Co., 207 Ark. 838, 183 S.W. 2d 300, 301, where the Arkansas statute is quoted in full. In both the New Mexico and the Arkansas statutes infants and insane persons are joined in the respective provisos or saving clauses. In construing the statute in the last cited case, that court said:

"* * * The construction placed on these statutes by appellants to the effect that they are thereby permitted seven full years after the youngest child attains his or her majority in which to begin their action is contrary to the construction which has been placed on these statutes by many former decisions of this court. Yell v. Lane, 41 Ark. 53; McGaughey et al. v. Brown et al., 46 Ark. 25; Brake v. Sides, 95 Ark. 74, 128 S.W. 572; Reed v. Money, 115 Ark. 1, 170 S.W. 478; Murphy v. Graves, 170 Ark. 180, 279 S.W. 359. These decisions are to the effect that the bar of the statute begins and continues to run against adults and infants alike, except that, in the case of infants whose rights accrue during their minority, such infants have the seven years (part or all of which may run during their minority) and in addition thereto, such length of time as may have transpired between the date of the accrual of the cause of action and the majority of such infant, but in no case shall the period of extension granted because of the accrual of such cause during minority exceed three years.

"Thus it is readily apparent that unless this action had been commenced on or before the date appellant W. B. Nixon, Jr., reached the age of twenty-four years such action is barred under the statute quoted."

See also Murphy v. Graves, 170 Ark. 180, 279 S.W. 359.

The Indiana cases seem to be the only current authorities which support the appellants.

Our limitation statutes were originally taken from Iowa, and while we do not find any Iowa cases decided prior to 1852, the time we adopted the ten-year statute of limitation for the recovery of real property, we do find later ones construing their statute giving additional time for minors and insane persons to file actions after the removal of their disabilities.

Section 1666 Iowa Code of 1851, I.C.A. § 614.8, which, except for a change which is not material, has continued in force to date, reads: "The times limited for actions herein, except those brought for penalties and forfeitures, shall be extended in favor of minors and insane persons, so that they shall have one year from and after the termination of such disability within which to commence said action."

The saving clause at the end of our ten-year statute was evidently prepared from this Iowa statute.

In McNeill v. Sigler, 95 Iowa 587, 64 N. W. 604, 605, the plaintiff, administrator of the estate of Lucretia Arnold who died in June, 1891, sought to recover upon a promissory note payable to deceased who had become insane before its maturity. The administrator was appointed on May 8, 1893. Suit was filed on May 10, 1893. Absent the insanity of the payee, action on the note would have been barred January 4, 1892. Another Iowa statute provided if a person entitled to a cause of action die within one year next previous to the expiration of the limitation for minors and insane persons, such limitation shall not apply until one year after such death. The trial court held the action was barred by limitations and on appeal the judgment was affirmed. We quote from the opinion as follows: "The claim of appellant is that inasmuch as Lucretia Arnold became insane before the maturity of the note, and hence before the statute would otherwise have commenced to run, it did not commence until the appointment of the administrator of her estate; the argument being that, as the statute had not commenced to run before she was insane, it would not commence after she was so, and before there was some person legally authorized to sue. * * * There is a continued right of action in favor of such a person, and the law regulates the manner of bringing it. If a minor, it must be by a guardian or next

friend. Code, § 2565. It may be noticed that there is no such express provisions as to a person not judicially found to be insane, leaving, because of the express provision in the one case, much room for inference as to the other. It is not to be doubted that the same rule applies in this respect to a minor as to an insane person, for the language is precisely the same as to the two. In Murphy v. [Chicago, M. & St. P.] Railway Co., 80 Iowa 26, 45 N.W. 392, the section is construed as to a minor, and that the statute of limitations commences to run during minority. This is the plain meaning of the statute. It attempts to do no more as to persons under such disability than to extend the time for completing the bar, so that, after the disability is removed, the person shall have a reasonable opportunity to act for himself. The statute continues during the entire time of disability, and for one year thereafter."

In construing another Iowa statute limiting the time for filing suit where the wife of a grantor had not joined, which statute did not have a savings clause extending the time for minors or insane persons to sue, the court said in Collier v. Smaltz, 149 Iowa 230, 128 N.W. 396, 399: "* * * but it must not be overlooked that an insane person, if not so judicially declared, may maintain an action in court. 22 Cyc. 1222; Mentz [Menz] v. Beebe, 95 Wis. 383, 70 N.

W. 468, 60 Am.St.Rep. 120; Speck v. Pullman Palace Car Co., 121 Ill. 33, 12 N.E. [213] 214. And, if so judicially declared, an action may be prosecuted by guardian. Tiffany v. Worthington, 96 Iowa 560, 65 N. W. 817. Though laboring under disability himself, such legislation proceeds on the theory that relatives or others cognizant of his condition will be likely to take such steps for his protection as he would have but for such disability."

Our statutes and rules contain adequate provisions for the filing and prosecution of suits on behalf of insane persons by committee, next friend or guardian ad litem.

In Re Hoenig's Estate, 230 Iowa 718, 298 N.W. 887, 891, it is stated: "* * * It has been uniformly held that once the statute of limitations begins to run nothing stops it. Not even death or disability will toll the statute unless it be otherwise provided by statute. (Citing cases.) * * * that claim survived her death, and her rights in that claim and cause of action * * * passed and accrued to her administrator."

In Turner v. Begley, 239 Ky. 281, 39 S.W.2d 504, 506, it is held that a cause of action accrued to an insane person when a party took possession of his land under a commissioner's deed, and is not dependent on the capacity of the person in whose favor it exists. It is therein stated: "The

fact that Leander Begley was insane did not prevent the accrual of his right of action. It was a disability which extended the period of limitation in so far as the fifteen-year statute was involved, but it had no effect upon the accrual of his right of action."

The Kentucky statute gave three years after the removal of the disability in which to bring suit. See also Schwarz v. Public Service Transportation Co., 149 A. 814, 8 N.J.Misc. 182; Ziegler v. Bark, 121 Wis. 533, 99 N.W. 224; Smith v. Smith, 106 N. C. 498, 11 S.E. 188; New Domain Oil & Gas Co. v. McKinney, 188 Ky. 183, 221 S. W. 245, on the right of a minor or insane person to maintain suit individually or by next friend or guardian, notwithstanding the disability.

It is the claim of the appellant Deward Bullock that even though the claims of the other appellants are barred, he may maintain his action because of his continuous insanity. In other words, he seeks to tack his insanity to that of his father.

It is stated in McDonald v. Hovey, 110 U.S. 619, 4 S.Ct. 142, 143, 28 L.Ed. 269; "* * * to allow successive disabilities to protract the right to sue would, in many cases, defeat its salutary object, and keep actions alive perhaps for a hundred years or more; that the object of the statute was to put an end to litigation, and to secure peace and repose, which would be greatly interfered with, and often wholly subverted, if its operation were to be suspended by every subsequently-accruing disability."

We agree with this statement and hold the son may not tack his insanity to that of his father. Other authorities to the same effect are: Scallon v. Manhattan R. Co., 185 N.Y. 359, 78 N.E. 284, 7 Ann.Cas. 168; Commercial Bank & Trust Co. v. Jordan, 85 Mont. 375, 278 P. 832, 65 A.L.R. 968; Annotation, 65 A.L.R. 975; Martin v. Goodman, 126 Okl. 34, 258 P. 871, 53 A.L. R. 1298; Annotation, 53 A.L.R. 1303. To allow his insanity to toll the statute would destroy that part of the proviso in Sec. 27–121, supra, which reads: "* * * but no cumulative disability shall prevent the bar of the above limitation, and this proviso shall only apply to those disabilities which existed when the cause of action first accrued and to no other."

This court is committed to a strict construction of our limitation statutes in Musgrave v. McManus, 24 N.M. 227, 173 P. 196, L.R.A. 1918F, 348, and in view of such rule and our belief in the soundness of the rules announced in the cases cited above which favor the appellees, we hold the claims of the appellant heirs of the grantor in the deed to Field were barred ten years after the delivery of the deed and Field's entry into possession of the property.

As Turner's rights depend on the claims of the children of Bullock, he must also lose his appeal.

This disposition of the case makes it unnecessary to decide whether the four or ten-year statute of limitations governs the case.

The judgment will be affirmed.

It is so ordered.

LUJAN, C. J., and SADLER, COMPTON, and COORS, JJ., concur.