236

4-9360                                          235 S. W. 2d 868

Opinion delivered January 22, 1951.

*Dave E. Witt* and *O. D. Longstreth, Jr.,* for appellant.

*Talley & Owen* and *Robert L. Rogers II,* for appellee.

MINOR W. MILLWEE, Justice.   This is a suit by appellant, C. D. Ulrich, to quiet his title to a 40-acre tract of land in Pulaski County.  Appellee, George Bolden, filed an answer and cross-complaint claiming ownership of an undivided one-fourth interest in the land and asking that said land be partitioned, sold and the sale proceeds di-

vided according to the respective interests of the parties. This appeal is from a decree granting the relief prayed by appellee Bolden.

The facts are not in dispute. George F. Moore owned the 40 acres in controversy at the time of his death, testate, in 1921. Under his will the land was devised to four of his children, one of whom was Minnie Bolden, deceased, mother of appellee, George Bolden. Oscar H. Winn acquired the interest of the other three devisees under the will of Gorge F. Moore and thereafter, on January 8, 1926, sold the land to appellant under a conveyance purporting to convey the whole title. Appellant went into possession in 1926 and' built a house and other buildings on the land where he has since resided. He also fenced the property and has paid all taxes upon and cultivated the land under claim of title since his entry in 1926.

Appellee, George Bolden, is the sole heir of Minnie Bolden, deceased. He was two years of age at the time of the death of his grandfather in 1921 and reached his majority on July 5, 1940. The instant suit was filed on June 30, 1949.

The only issue is whether appellee is barred from claiming title to an undivided one-fourth interest in the land by the seven-year statute of limitations (Ark. Stats., § 37-101). This statute contains a saving clause to minors for a period of three years after attaining majority. This question was decided adversely to appellee's contention in *Jackson* v. *Cole,* 146 Ark. 565, 226 S. W. 513, 1064, where, under a similar state of facts, the court held that adverse possession of land for the statutory period will bar recovery by an infant when he fails to sue within three years after attaining his majority. In reaching this conclusion the court approved the rule stated in 7 R. C. L., Co-tenancy, pages 854-855, as follows: "A conveyance to a stranger to the title, by one co-tenant, by an instrument purporting to pass the entire title in severalty, and not merely such co-tenant's individual interest, followed by an entry into actual, open and exclusive possession by such a stranger, under claim of ownership in severalty, amounts to a disseisin of the other co-tenants, which, if

continued for the statutory period, will ripen into good title by adverse possession. . . . In considering this question the familiar principle is recalled that when one enters upon land, he is presumed to enter under the title which his deed purports upon its face to convey, both as respects the extent of the land and the nature of his interest."

The following statement in Freeman on Co-tenancy (2d Ed.), § 197, was also approved in that case: "A conveyance by one co-tenant, purporting to convey an estate in severalty, cannot operate to the prejudice of another. This is true only so far as the immediate effect of such conveyance as a transfer of title is concerned. It does not follow that no rights can grow out of it, nor that it is, even as against the other co-tenants, mere waste paper for all purposes. Such a conveyance constitutes color of title. The entry of the grantee made under the deed, and claiming an interest co-extensive with that with which the deed purports to deal, is an entry under color of title. The co-tenants are therefore bound to take notice of the deed and of the entry made under it, and to take such steps as may be required to enforce a recognition of their legal rights. Should they fail to do so within the time prescribed by the statute of limitations, their rights will be no longer susceptible of enforcement; and their interests, by operation of that statute, will vest in the party in possession under the deed."

The above rule was recognized in the earlier cases of *Ashley* v. *Rector,* 20 Ark. 359; *Brown* v. *Bocquin,* 57 Ark. 97, 20 S. W. 813; *Parsons* v. *Sharpe,* 102 Ark. 611, 145 S. W. 537; and the later case of *Bowers* v. *Rightsell,* 173 Ark. 788, 294 S. W. 21. See, also, Jones, Arkansas Titles, § 1506; 2 C. J. S., Adverse Possession, § 72 (m); 1 Am. Jur., Adverse Possession, § 59. The same rule has been applied where there is entry and possession under an executory contract by one tenant to convey the whole title although the vendee does not acquire the legal title until long after his entry. See cases cited in 27 A. L. R. 18.

In construing § 37-101, *supra,* we have also repeatedly held that the infant's right, against one who takes posses-

sion of his land, accrues at once and is barred three years after the infant reaches his majority, in the absence of any showing of fraud practiced on the infant by the other party. *Reed* v. *Money,* 115 Ark. 1, 170 S. W. 478; *Nixon* v. *Norton-Wheeler Stave Co.,* 207 Ark. 838, 183 S. W. 2d 300.

When Oscar Winn acquired the undivided three-fourth's interest in the 40-acre tract from three of the four devisees under the will of George F. Moore, he and appellee, George Bolden, became tenants in common. When Winn purported to convey the whole title to appellant in 1926, the statute of limitations began to run against appellee who reached his majority on July 5, 1940. Appellee, having waited until nearly nine years after becoming of age before filing his cross-complaint to recover an interest in the property, is barred under the statute.

The decree is accordingly reversed and the cause remanded with directions to enter a decree dismissing appellee's cross-complaint and quieting appellant's title to the whole of the 40-acre tract in controversy.