WILLIAM D. WATKINS, *et al., v.* A. W. JOHNSON, *et al.*

5-2624                                    356 S. W. 2d 655

Supplemental opinion on rehearing delivered May 14, 1962.

[Original opinion delivered April 2, 1962, 234 Ark. 929]

GEORGE ROSE SMITH, J., on rehearing. In a petition for rehearing the appellees earnestly contend that we erred in holding that the second count in the appellants' complaint is not subject to demurrer. It is insisted that our present conclusion is contrary to the decision in *Ulrich v. Coleman,* 218 Ark. 236, 235 S. W. 2d 868, where we held that a cotenant's purported conveyance of the entire title, followed by the grantee's entry into open and exclusive possession of the land, amounts to a disseisin that will ripen into title if continued for the statutory period.

Here the allegations of the complaint, construed liberally on demurrer, do not describe a situation falling within the doctrine of the *Ulrich* case. This complaint does allege that Johnson conveyed the land to his son in 1943 and that the grantee took possession, but there is no statement whatever that the occupancy was continuously adverse for seven years. All that the appellees are relying upon is a statement and prayer that the defendants should be required to account for rents and profits received since 1905. There is no assertion that the lands were continuously rented for seven years or for any other period of time. To sustain this argument we should have to hold that a plaintiff who demands an accounting of any rents and profits that may have been received thereby pleads himself out of court by having affirmatively conceded the existence of adverse possession for the entire period in issue. Such a holding would plainly be contrary to the rule that on demurrer doubts are to be resolved in favor of the pleader, not against him.

Rehearing denied.