WATKINS *v.* JOHNSON.

5-3102                    372 S. W. 2d 243

Opinion delivered November 11, 1963.

*Parker Parker,* for appellant.

*Smith, Williams, Friday & Bowen* and *Ben Allen. Williams & Gardner, Elmer Conklin, Jr., Martin, Logan, Moyers, Martin* and *Conway, J. K. Schooler, White & Young, Ray Thornton, C. E. Blackburn, John F. Curran & M. Darwin Kirk,* for appellee.

ED. F. MCFADDIN, Associate Justice. This is second appeal in this case. The opinions on first appeal may be found in *Watkins* v. *Johnson,* 234 Ark. 929, 235 Ark. (Adv. Sh.) 85, 356 S. W. 2d 655. The relationship of the parties, the rival claims, and the issues, are all stated in the opinion on the first appeal wherein we reversed the Trial Court and remanded the cause for further proceedings on the issues of co-tenancy and limitations, as regards an undivided one-sixth interest in the 120 acres of land involved.[1]

When our mandate was filed in the Trial Court as a result of the first appeal, the Watkins heirs filed an amendment to their complaint, which amendment prayed, *inter alia:*

". . . that if the Court finds that the deeds from Plaintiffs to W. H. Johnson are valid, that this Court find and decree that they are co-tenants with W. H. Johnson, his heirs and assigns and that all of said Defendants be ordered to account to Plaintiffs for one-sixth (1/6th) interest of rents and profits from said lands; that this Court decree that Plaintiffs are owners in fee simple in one-sixth (1/6th) of the lands herein described. Plaintiffs pray for all their cost and for all other proper relief in Law and Equity to which these Plaintiffs are entitled."

A voluminous record is before us. The Trial Court made definite findings of fact and conclusions of law, a summation of which is: (a) that the deeds from the Watkins

[1] This result was true because appellants, claiming to be the five heirs of L. L. Watkins, had each signed a deed to W. H. Johnson stating that such deed conveyed the grantor's "undivided one-sixth interest" in the property; and the total of the five deeds, under the appellant's theory, would be five-sixths of the entire fee. Since those deeds were beyond attack (as held in the first appeal), there remained only an undivided one-sixth interest for further litigation, as here involved. It is conceded in the briefs that each deed conveyed only an undivided one-sixth interest in the lands, and we so treat the case; but our investigation of the original deeds in the record now before us shows other language in some of the deeds which other language might convey all of the grantors' interest, regardless of the fraction stated. Furthermore, in the deed of E. G. Watkins to W. H. Johnson, the description is: "All of our undivided interest in and to the following lands" (describing them); no fractional interest being stated in that deed. But throughout this opinion we treat the case as though each deed to W. H. Johnson conveyed only a one-sixth interest in the land.

heirs to W. H. Johnson were valid; and (b) that even if W. H. Johnson might have been a co-tenant with the Watkins heirs for the one-sixth interest in the dispute,[2] nevertheless the Watkins heirs are barred *by limitations* from a recovery against the present owner, A. W. Johnson.

I. *Forgery.* The evidence shows that in the period from 1910 to 1924, W. H. Johnson, the maternal uncle of the children of Lewis L. Watkins, received a deed from all of the Watkins heirs and went into possession of the lands. The Trial Court found these deeds to be valid; and that finding is correct. The original deeds are before us: we have examined them, and we conclude that the Trial Court was correct in sustaining the deeds as valid.

II. *Statute Of Limitation.* Even conceding that W. H. Johnson became a co-tenant with the said Watkins heirs for the 1/6 interest in dispute, nevertheless the Watkins heirs are barred by limitation against the present owner, A. W. Johnson. On August 5, 1943, W. H. Johnson sold the lands here involved, and other lands, to his son, A. W. Johnson, for a valid consideration recited to be $5,000.00. A general warranty deed from W. H. Johnson to A. W. Johnson was recorded on August 5, 1943, describing the entire 120 acres here involved. The evidence further establishes: that A. W. Johnson took possession of all of said lands in 1943 and has been in possession thereof ever since; that the lands were and at all times have continued to be fenced, with part in crops and part in pasture; that A. W. Johnson has paid taxes each year on the lands, and has had tenants on the lands at all times since 1943; and that A. W. Johnson has been in open, notorious, hostile, adverse, exclusive, and continuous possession of the entire 120 acres at all times since August 5, 1943, and has pleaded the 7-year

[2] It will be recalled from the opinion on the first appeal that Lewis L. Watkins had five children; that his widow, Jennie, married Mr. Woods; and that Oliver Woods was a child of that marriage. No explanation is offered as to why it was thought by W. H. Johnson that Oliver Woods had a 1/6th interest in the 120 acres of land here involved, since such lands were owned by Lewis L. Watkins; but the explanation may be found in the fact that this 120 acres of land was listed as an asset of Oliver Woods' mother, Mrs. Jennie Woods, as disclosed by the inventory of her estate, which is in the record.

statute of limitation (Ark. Stat. Ann. §37-101 [Repl. 1962]) against the Watkins heirs in this case.

The plea of limitation is supported by abundant evidence and is determinative of the present appeal. In a long line of cases we have held when a co-tenant executes a deed to a stranger to the title, describing the entire land, and such grantee enters into exclusive possession under such deed, then such deed constitutes color of title, and such entry commences the running of limitation in favor of the grantee and against all the other co-tenants of the grantor. *Parsons* v. *Sharpe*, 102 Ark. 611, 145 S. W. 537; *Jackson* v. *Cole*, 146 Ark. 565, 226 S. W. 513; *Landman* v. *Fincher*, 196 Ark. 609, 119 S. W. 2d 521; *Ulrich* v. *Coleman*, 218 Ark. 236, 235 S. W. 2d 868. Even though A. W. Johnson was a first cousin of the Watkins children, nevertheless A. W. Johnson was a "stranger to the title" when he received the deed from W. H. Johnson in 1943, because he was not a privy of the Watkins heirs. *Rye* v. *Bauman*, 231 Ark. 278, 329 S. W. 2d 161; 83 C.J.S. page 109; Succession of *Baker* (La.), 55 So. 714. The appellants did not file the present action until 1960; so from 1943 to 1960 A. W. Johnson had far more than seven years of unquestioned adverse possession of the land.

The decree of the Chancery Court in favor of A. W. Johnson is in all things affirmed.