Jessie MARSHALL *v.* Emmet J. GADBERRY,
Carolyn Gadberry, Lynnon R. Gadberry
and Martha Gadberry, et al.

90-115                                        798 S.W.2d 99

Supreme Court of Arkansas
Opinion delivered November 5, 1990

*Rice, Pierce & Ogles, P.A.,* for appellant.

*Loh, Massey & Yates, Ltd.*, by: *Edmund M. Massey*; *Gordon & Gordon*, by: *Allen Gordon*; and *Michael Allison*, for appellees.

TOM GLAZE, Justice. This is an appeal from a partition suit involving 18.5 acres in Conway County. Appellant received an undivided one-half interest as a tenant in common in this acreage in her divorce settlement with Isaac Marshall, but the description of this acreage was omitted from the parties' divorce decree. Isaac Marshall subsequently remarried, and he and his new wife deeded the 18.5 acres to Merlen Watson on July 22, 1980. After a subsequent series of conveyances by deeds to and from other parties, the title to this disputed property was eventually transferred by warranty deed on November 10, 1982, to Emmet, Carolyn, Lynnon and Martha Gadberry. All the deeds were recorded, but the Marshalls' divorce decree was not shown in the chain of title. The appellant never transferred her interest in any of the conveyances concerning this acreage. She alleges that she first found out that the property had been deeded to someone else on November 11, 1986, when the Gadberrys' attorney requested her to execute a quitclaim deed.

The appellant filed a partition suit against the Gadberrys on December 7, 1987. In the Gadberrys' answer, they affirmatively pled, among other things, that the appellant's cause of action was barred by the seven-year statute of limitations set out in Ark. Code Ann. § 18-61-101(a)(1987). Based upon the Gadberry's response and argument, the trial court granted a partial summary judgment in their favor.[1] We find no error, and therefore affirm.

Section 18-61-101(a) provides that an action brought for any lands may not be brought after seven years once the person's right to commence the suit has accrued. However, appellant contends that no claim of adverse possession was alleged by the appellees that would have invoked the application

---

[1] While another claim was still pending, the trial court found no just reason for delaying entry of judgment on this one adverse possession claim from which appellant brings this appeal. We limit our review to the issue raised by the parties, but note that some question exists as to whether appellant's claim for relief should have been one in ejectment rather than for partition, since this dispute involves a number of deeds to third parties, who hold adversely to her. *See Simmons* v. *Turner*, 171 Ark. 96, 283 S.W.2d 47 (1926).

of this provision, and that she only became aware of such a claim when she received appellees' quitclaim deed on November 11, 1986. Actually, appellant premises her entire argument on appeal on the line of cases that hold one tenant in common cannot claim adverse possession against a co-tenant by the mere act of occupancy. *See Phillips* v. *Carter*, 222 Ark. 724, 263 S.W.2d 80 (1953); *Jones* v. *Morgan*, 196 Ark. 1153, 121 S.W.2d 96 (1938). Those cases and rule of law simply are not applicable to the present situation.

■ Here, as discussed earlier, Isaac Marshall, appellant's co-tenant, triggered a series of deed conveyances of the disputed acreage to third parties. It is established law that when a co-tenant executes a deed to a stranger to the title, describing the entire land, and such grantee enters into exclusive possession under such deed, then the deed constitutes color of title, and such entry commences the running of limitation in favor of the grantee and against all co-tenants of the grantor. *See Watkins* v. *Johnson*, 237 Ark. 184, 372 S.W.2d 243 (1963).

■ In summary, our review of the record reflects that the property in question was deeded by the appellant's former husband, Isaac Marshall, to a "stranger in title" on July 22, 1980. That conveyance commenced the running of the seven-year statute of limitations. The successors in title, including the Gadberrys, were deeded title to the entire 18.5 acres with no mention of appellant as a co-tenant. Since the July 1980 conveyance, appellees have held possession of the property. The appellant did not file her suit until December 7, 1987, or after the statute of limitations had expired. In view of the foregoing, we are required to affirm the chancellor's holding that the appellant's cause of action against the "stranger in title" is barred by the statute of limitations.